GOLDSBY and Another *v.* THE STATE.

When an application for a change of venue in a criminal case, is made in the Court of Common Pleas, on account of the prejudice of the judge against the applicant, the law makes it the imperative duty of the judge to grant such change to the Circuit Court, and gives him no discretion to refuse it.

APPEAL from the *Floyd* Common Pleas.

WORDEN, J.—Information against the appellants for robbery. Trial, conviction and judgment.

At the proper time, the defendants moved for a change of

venue, stating in their affidavit, as the ground of the motion, that they could not receive a fair trial, "on account of the prejudices of the judge of said Court against them." The motion was overruled, and exception taken. This was also one of the reasons for which a new trial was asked. We are of opinion that the change asked for should have been granted.

The statute provides for a change of venue in criminal cases for two causes: 1. "Prejudice of the judge;" and 2. "Excitement or prejudice against the defendant in the county." "When the objection is to the judge in an action pending in the Court of Common Pleas, the action *may be* transferred to the Circuit Court of the county, and tried therein."

"When the affidavit is founded upon excitement or prejudice in the county against the defendant, the Court *may, in its discretion*, grant a change of venue to the most convenient county." 2 R. S. 1852, p. 370–1.

When a change is asked on account of excitement or prejudice against the defendant in the county, it is clear that it may or may not be granted, because the matter is left to the discretion of the Court. Not so, however, when the change is asked because of the prejudice of the judge against the accused. In such case, the statute does not provide for the exercise of any discretion by the judge, and perhaps it is well it does not. The language is, "The action *may be* transferred," &c.

The language of the statute providing for a change of venue in civil cases is not more imperative than that above quoted. It is: "The Court," &c., "*may change* the venue in any civil action," &c. 2 R. S. 1852, p. 74. This, it has been held in several cases, is imperative, and entitles a party to a change when he brings himself within the provisions of the statute. *Witter* v. *Taylor*, 7 Ind. R. 110; *Shaw* v. *Hamilton*, 10 Ind. R. 182; *Shattuck* v. *Myers*, 13 Ind. R. 46. See, also, the case of

*Clem* v. *Durham*, 14 Ind. R. 263, which is an instance, in a different case, of permissive words in a statute being held peremptory.

The cause should have been transferred to the Circuit Court for trial.

*Per Curiam.*—The judgment is reversed, and the cause remanded.

The Clerk will give the proper notice for a return of the prisoners.

*John H. Stotsenburg* and *Thomas M. Brown*, for appellants.
*John Bott*, for State.