## MERSHON v. THE STATE.

VENUE.—*Change from County in Criminal Cause.*—In a criminal cause, whether a change of venue from the county shall be granted or not, rests in the sound discretion of the court, and the exercise of that discretion will not be reviewed, unless it has been clearly abused.

SAME.—*Change from Judge.*—In a criminal cause, where the application for a change of venue is on the ground of objection to the judge, if the affidavit is sufficient, the court has no discretion, and the change must be granted.

SAME.—A change of venue from the judge may be taken after a change from the county has been granted or refused, and *vice versa.*

From the Monroe Circuit Court.

*E. K. Millen, R. W. Miers,* and *J. S. Pitman,* for appellant.

*J. C. Denny,* Attorney General, *H. M. Gillmore,* and *J. W. Tucker,* for the State.

WORDEN, J.—This was an indictment of the appellant for maintaining a nuisance. Conviction.

There are several errors assigned, but we need notice but two, as on the second the judgment must be reversed. The first is, that the court erred in overruling the appellant's motion for a change of venue from the county. Second, that the court erred in overruling a like motion for a change from the judge.

There was an affidavit of the appellant, supported by affidavits from others, for a change from the county; but counter affidavits were filed, and, although a strong case was made for a change, we cannot say that there was such an abuse of discretion in overruling the motion as to amount to error. Where the application is for a change from the county, whether it shall be granted or not is a matter that rests in the sound discretion of the court; and the exercise of that discretion will not be reviewed here, unless it has been clearly abused. *Fahnestock* v. *The State,* 23 Ind. 231.

After the above motion was overruled, the appellant filed an affidavit for a change from the judge.

This affidavit, after entitling the cause, proceeds as follows:

"The defendant, Cynthia Mershon, being duly sworn, on her oath states that she believes she cannot have a fair and impartial trial of said cause before the Hon. Eliphalet D. Pearson, sole judge of said Monroe Circuit Court, on account of the bias and prejudice of said judge against her, said defendant, and her defence herein; wherefore, she prays a change of the venue herein, to the end that a fair and impartial trial of said cause may be had." The affidavit was subscribed by the appellant and duly sworn to before the clerk.

This application was overruled, and exception taken. The cause proceeded before the same judge.

We are not advised, by any thing in the record, of the ground upon which the change was denied.

The affidavit was clearly sufficient, within section 76, 2 G. & H. 406, to entitle the appellant to a change from the judge. Where the objection is to the judge, the affidavit being sufficient, there is no discretion to be exercised, but it is the imperative duty of the court to grant the change by calling some other judge as provided for. *Goldsby* v. *The State*, 18 Ind. 147. As to what judge may be called, see 3 Ind. Stat. 548.

We think it clear also that a change from the judge may be taken after a change from the county has been granted or refused, and *vice versa*.

The overruling of the application for a change from the judge was an error for which the judgment must be reversed.

The judgment below is reversed, and the cause remanded.