KRUTZ *v.* GRIFFITH, ADMINISTRATOR.

CHANGE OF JUDGE.—*Affidavit.— Discretion of Court.—Rules of Court.—Statute Construed.*—Where an affidavit is filed for a change of judge, on ac-

count of his bias, prejudice or interest, which affidavit complies with the requirements of the seventh clause of section 207 of the practice act, 2 R. S. 1876, p. 119, the court below has no discretion, but must grant the change ; and a rule of such court which requires the affidavit to state that the party believes he has a good cause of action or defence, and, if a defendant, in general terms, the character of the defence, and also that the application is not for delay, is not such as the court is authorized, by section 14, 2 R. S. 1876, p. 9, to make, being repugnant to the statute, and is therefore void.

SAME.—*Amending Act of March 5th,* 1877.—The act of March 5th, 1877, Acts 1877, Reg. Sess., p. 103, amending section 207 of the practice act, *supra,* does not change the seventh clause thereof, and is not applicable to an affidavit and motion for a change of judge.

From the Switzerland Circuit Court.

*J. A. Works, J. D. Works* and *J. A. Works, Jr.,* for appellant.

*S. Carter* and *W. R. Johnston,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant and another, to recover the amount alleged to be due on a promissory note. The cause was put at issue as to the appellant, and dismissed as to the other defendant. The issues joined were tried by the court, and a finding made for the appellee ; and the appellant's motion for a new trial having been overruled and his exception entered to this ruling, judgment was rendered by the court on its finding.

Errors have been assigned by the appellant in this court, which call in question the several decisions of the circuit court adverse to him   We need not set out these alleged errors ; for, by the written agreement of the parties, the cause is submitted to this court for decision upon the single question, whether or not the. circuit court erred in overruling the appellant's motion for a change of venue from the regular judge of said court.   The record shows, that on the second juridical day of the October term, 1877, of the court below, on the first appearance of the appellant in this action, he filed his affidavit for such change of

judge. Omitting merely formal matters, this affidavit was, in substance, as follows :

" The above named defendant, William G. Krutz, being duly sworn, upon his oath says that he is the principal defendant in the above cause, the defendant Harry Krutz being but surety for him. He further swears that he and his codefendant can not have a fair and impartial trial of the above entitled cause before the Hon. John G. Berkshire, the judge of said court, before whom the same is now pending, on account of the bias and prejudice of said judge against them, which bias and prejudice affiant says exist. Affiant further swears that he can not be sworn to this affidavit efore the clerk of said court, without great inconvenience and expense, for the reason that he is a resident of the State of Kansas. '

　　　(Signed,)　　　　　　　　　"WM. G. KRUTZ."

The affidavit appeared to have been subscribed and sworn to by the appellant, before a notary public of the State of Kansas, on the 11th day of October, 1877.

The appellant's motion for such change of venue, or change of judge, was overruled by the court, for the reason that the above affidavit, in support of his said motion, did not comply with the following rule of said court :

" 15. The affidavit for a change of venue or of trial from the judge shall state that the party is informed and believes that he has a good cause of action or defence, and, if a defendant, in general terms, the character of the defence ; the affidavit shall likewise state that the application is not for delay."

It will be seen that the appellant's affidavit, in this case, did not comply with the requirements of the foregoing rule of the court, in the following particulars :

1. It did not state that the appellant was informed and believed that he had a good defence ;

2. It did not state, in general terms or otherwise, the character of his defence ; and,

3. It did not state that his application was not made for delay.

The seventh cause or clause in section 207 of the practice act, as amended by an act approved March 5th, 1859, provides as follows :

" *Seventh.* When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending, the said court shall grant a change of venue." 2 R. S. 1876, p. 119.

The appellant's affidavit, in the case now before us, complied strictly and almost literally with the requirements of this clause of the statute. This court has often decided that, where an affidavit was filed for a change of judge, on account of his bias, prejudice or interest, the court below has no discretion, but must grant the change. *Shattuck* v. *Myers*, 13 Ind. 46 ; *Goldsby* v. *The State*, 18 Ind. 147 ; *Mershon* v. *The State*, 44 Ind. 598 ; and *Fisk* v. *The Patriot*, etc., *Turnpike Co.*, 54 Ind. 479. It does not appear, however, in any of the cases cited, that the application for a change of judge had been refused below, for the reason that the affidavit on which the application was founded did not comply with the requirements of a rule of the court in which it had been filed, and therein those cases differ from the case now before us.

In section 14 of "An act providing for an organization of circuit courts," etc., approved June 1st, 1852, it is provided as follows :

" Sec. 14. The said courts shall adopt rules for conducting the business therein, not repugnant to the laws of this State, and in everything relating to simplifying and expediting the proceedings and decisions of causes, presenting distinctly the points in issue in trials by jury, diminishing costs, and remedying imperfections that may be found to exist in the practice, the rules of such court shall be in comformity with those prescribed by the Supreme Court on the same subject." 2 R. S. 1876, p. 9.

In construing the provisions of this section of the statute, as applicable to rules of court in relation to motions for a change of venue, or change of judge, it has been repeatedly decided by this court, in both criminal and civil causes, that a rule of court requiring that an application for change of venue, or change of judge, must be made on or before a day specified in the progress of the cause, and providing that, if not thus made, it will not be entertained or allowed, is " not repugnant to the laws of this State," and is such a rule as the circuit courts are authorized to make. *Redman* v. *The State*, 28 Ind. 205 ; *Galloway* v. *The State*, 29 Ind. 442 ; *Whittem* v. *The State*, 36 Ind. 196 ; *Truitt* v. *Truitt*, 38 Ind. 16 ; *The Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 41 Ind. 48 ; and *Bennett* v. *Ford*, 47 Ind. 264.

We know of no case, however, in this court, wherein a rule requiring the applicant for a change of venue or of judge to embody in his affidavit for such change matters of fact, information or belief, which are not specified in nor required by the terms of the statute, has been upheld and sustained. It seems to us that the rule of the court below, above set out, in each one of the three particulars above specified, is repugnant to the statute, and is therefore void, where, as in this case, the application is for a change of judge. In such case, when a party has made and filed his affidavit of the bias, prejudice or interest of the judge before whom the cause is pending, such party has done all that the statute requires him to do, and he is then entitled of right, absolutely and unconditionally, to a change of judge. This is so, as it seems to us, whether he had been informed and believed or not, that he had a good defence, and whether his application was or was not made for delay.

In our opinion, therefore, the court erred in overruling the appellant's motion for a change of judge. This ruling of the court was assigned by the appellant as a cause for

a new trial in his motion therefor; and, for this cause, we think that his motion for a new trial ought to have been sustained by the court.

The act of March 5th, 1877, amending said section 207 of the practice act, as amended by the above mentioned act of March 5th, 1859, in no manner changes the said *seventh* clause of said section above quoted, and is not applicable to an affidavit and motion for a change of judge. Acts 1877, Reg. Sess., p. 103.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.