Shoemaker v. Smith.

⸻ • • • ⸻

No. 7665.

SHOEMAKER v. SMITH.

APPEAL.—*Interlocutory Order.—Assignment of Error.—Change of Judge.*— A refusal to change the judge may be assigned as error on appeal from an order appointing a receiver, the rule that a refusal to change the venue must be assigned as a cause, in a motion for a new trial, not being applicable in such case.

RULE OF COURT.—*Motion for Change of Judge.—Cause for.*—A rule of court, requiring an application for a change of judge to be filed on or before the second day of the term, can not deprive a party of the right to a change of judge, upon motion made after the second day of the term, where his affidavit, properly setting forth a statutory cause, shows that he did not discover such cause, until the day of the making of the motion.

PLEADING.— *Cross Complaint.— Partnership. — Receiver.*— A cross complaint; to withstand a demurrer for want of facts, must, like a complaint, state facts sufficient to constitute a cause of action; and, in an action by a member of a firm against his partner, a cross complaint asking a dissolution and the appointment of a receiver. which alleged, in substance, only that the firm was largely indebted and was not making money, showed no ground for relief.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, C. L. Taylor, J. East* and *C. F. McNutt,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellee.

BEST, C.—The appellant commenced this suit against the appellee. His complaint contained five paragraphs. A demurrer was sustained to the fifth, and overruled to the others. The first, second and third averred, in various ways, sub-

stantially, these facts :   That on the 1st day of May, 1875, the appellant and appellee entered into a written agreement, a copy of which is set out, whereby they agreed to become partners in the drug business, at Bloomington, Indiana ; that, in pursuance of said agreement, the appellant put as capital into said firm his stock of drugs, worth $8,500 ; that he gave it thenceforward his time and attention ; that he also put into said firm $2,500 of his own means, and otherwise fully performed his part of said contract ; that the appellee did not perform his part of said contract in this, that he only put into said firm $396.15 ; that shortly thereafter he withdrew from said firm an equal amount, and, in addition thereto, he has drawn from said firm a sum in excess of the profits of the business, and has not a dollar in said firm ; that, relying upon the appellee's promise to furnish his proportion of the capital, said firm, with a view of increasing its facilities for doing business, expended $500 in advertising, $1,000 in buying wagons, and $1,000 in procuring a travelling salesman ; that, by reason of appellee's failure.to furnish said capital, said firm was compelled to borrow an equal sum of money, at a high rate of interest, and thereby lost $1,000 ; that appellee, although often requested, had refused to pay into said firm or to pay appellant such sum as would make them equal ; that the claims of said firm amount to $7,050.59, many of which can not be collected ; that its debts amount to $4,094.88, and that the stock on hand, though larger than when they commenced business, is not so valuable, on account of a decline in prices.   Prayer that the firm be dissolved, that an accounting be had, and that appellant have judgment for $8,000.

In the fourth it is averred, in addition to what is alleged in the other paragraphs, that, by a mutual mistake of the parties, the written agreement does not contain, as it should have done, a stipulation that each was to furnish an equal amount of capital, and to be equal partners, concluding with

a prayer for a reformation of the contract, for a dissolution, and for judgment for $8,000.

A summary of the contract is as follows:

1st. The firm name shall be J. W. Shoemaker & Co.

2d. "Each partner shall furnish the capital as he conveniently can, and, when required, the said Shoemaker will at once put into said business his stock of drugs, and said Smith will advance $1,000 immediately."

3d. Said Shoemaker shall give his time, attention and best skill to the business of said firm, and said Smith is to give his counsel and advice when present, but not his personal attention.

4th. The accounts of the parties shall be entered upon the books, and be subject to the inspection of each.

5th. Neither shall assume any liability in the name of the firm on account of any other person.

6th. Each shall share equally in the gains and losses.

7th. Neither shall draw from the firm more than his share of the profits.

8th. In case of dissolution, each shall share in the assets in proportion to the amount of capital paid in by him.

9th. Said copartnership shall continue five years, unless sooner dissolved by mutual consent.

The appellee filed an answer in denial and a cross complaint. In the latter he averred, in substance, that he and the appellant are partners in the drug business, in Bloomington, Indiana, under the firm name of J. W. Shoemaker & Co.; that a large stock of drugs, belonging to said firm, is now in their store rooms in said city; that said firm is largely indebted; that each of said partners put into said firm parts of the capital stock, and that each has withdrawn something therefrom; that said firm has not been, and is not now, doing a profitable business, but this is not because of any fault of the defendant; that the facts respecting said firm and its business make this a proper cause for a dissolu-

tion and an accounting, and the defendant joins the plaintiff in asking for a dissolution and for an accounting, also for the appointment of a receiver to administer the assets, pay the debts, and divide the surplus, according to the rights of the parties.

The appellee also filed a verified application for the appointment of a receiver, but, as the conclusion reached by us renders it unnecessary to set it out, it is not done.

The appellant filed a demurrer to the cross complaint, for want of facts. The demurrer was overruled, and he excepted. Thereupon he filed an answer in denial of the cross complaint; and, on February 1st, 1879, the twenty-fourth day of the term, he moved the court for a change of venue from the judge, upon the following affidavit:

"The plaintiff, John W. Shoemaker, being duly sworn, upon his oath says, that he can not have a fair and impartial trial of this cause before the Honorable E. D. Pearson, judge of said court, before whom said cause is pending, on account of the bias and prejudice of him the said Pearson; that the said Shoemaker did not discover the said bias and prejudice of the said Pearson, until the 1st day of February, 1879."

This motion the court overruled, for the reason that it was made too late, under rule 24 of said court, which is as follows: "Application for change of the judge must be filed on or before the second day of the term." To which ruling the appellant, at the time, excepted.

Afterward the appellant moved to submit the issues for trial to a jury; but the court overruled such motion, except as to the issue formed upon the fourth paragraph of the complaint, and instead thereof, on the motion of the appellee, upon the pleadings and verified petition, ordered a dissolution of said firm, appointed a receiver and ordered him to take possession of the assets; to appraise and advertise them for sale in bulk after thirty days; if not thus sold, to then sell in parcels, and, within the meantime, to continue

the business without making new additions to the stock; to collect the claims of the firm, and to report his doings from term to term. The court also appointed said receiver a referee to take evidence respecting the interests of said parties in the assets of said firm, with directions to report at the next term; and continued said cause. To which orders of the court, in declaring said firm dissolved, in appointing a receiver, and in appointing a referee, the appellant severally excepted, for the reason that the judge had no jurisdiction to determine the matter in issue, and for the reason that the showing was insufficient to authorize the appointment of a receiver.

From the order appointing a receiver, the appellant appeals, and assigns various errors, among which are the following: "The court erred in refusing to change the venue, in overruling the demurrer to the cross complaint, and in appointing a receiver."

The appellee insists that the refusal of the court to change the venue can not be considered on an appeal from an order appointing a receiver; but we think otherwise. The refusal of the court to change the venue is ground for a new trial, and, after final judgment, can not be considered on appeal, unless it is assigned as a reason therefor. *Horton* v. *Wilson*, 25 Ind. 316. This is because the error may thus be corrected, and a failure to ask for a new trial for such cause is a waiver of it. *Kent* v. *Lawson*, 12 Ind. 675; *Butler* v. *Edgerton*, 15 Ind. 15.

A party, however, does not waive an objection which he has had no opportunity of making; and, therefore, this rule does not apply on an appeal from an order appointing a receiver, as the law, in such proceeding, makes no provision for a new trial. Indeed, strictly speaking, there has been no trial, and therefore can not be a new trial upon such appeal. We think that all questions, upon which the validity or regularity of such appointment depends, are necessarily

involved, and may be considered. If the court have no jurisdiction of the subject of the action, or of the person of the defendant, it would be error to appoint a receiver ; and it is wholly immaterial, whether it failed to acquire jurisdiction by service of process, or, after acquiring it, lost it by the proper application for a change of venue from the judge. In either case the appointment would be error.

In *Krutz* v. *Howard*, 70 Ind. 174, an application for a change of venue from the judge was erroneously refused. And this court said : "When the court improperly refused the change of venue, * * * it had no further jurisdiction in the case, and could render no valid judgment against either of the defendants."

If the court improperly overruled the application for a change of venue, it had no power to appoint a receiver ; therefore the correctness of this ruling is necessarily involved in this appeal.

The statute authorizes a change of venue whenever either party shall make and file an affidavit of the bias or prejudice of the judge before whom the cause is pending. 2 R. S. 1876, p. 116, sec. 207.

The affidavit filed in this case not only stated the causes prescribed by the statute, but stated that they were not discovered by appellant until the 1st day of February, 1879, the day when said motion was made.

The motion was overruled because a rule of court required such applications to be filed on or before the second day of the term. It has been repeatedly held that the court possesses the power to adopt such rules as are reasonable in the disposition of its business, and, when adopted, they are binding upon all parties in cases where they are applicable. A similar rule to this one was held valid in *Redman* v. *The State*, 28 Ind. 205, and in *Galloway* v. *The State*, 29 Ind. 442. The rule, though a reasonable one, can not, however, embrace causes not fairly within its spirit. A reasonable rule,

thus applied, becomes an unreasonable one. If, after the second day of the term, another judge should be called to preside, such a rule certainly could not preclude a party from taking a change of venue from such judge. Such rule, in such case, would deprive him of a right conferred by the statute, without having had any opportunity to exercise it, and would not only be unreasonable, but would be absurd. Nor can any rule be reasonable which requires the party to make his application for a change before the causes which authorize it have arisen or have been discovered. A party can not be deprived of a statutory right by his failure to do either an unlawful or an impossible thing. This court said, in the case of *Galloway* v. *The State, supra*, that "We do not think the rule under consideration in this case should be construed to apply to a case where it is shown by the affidavit that the applicant was not aware of the alleged prejudice of the judge until the day on which the case is set down for trial." Appellant's affidavit shows that the causes were not discovered till the day the application was made, and as the rule, for that reason, can not apply to this case, we think the court erred in refusing to change the venue.

We also think the court erred in overruling appellant's demurrer to the cross complaint. A cross complaint, to withstand a demurrer for want of facts, must, like any other, state facts sufficient to constitute a cause of action. *Ewing* v. *Patterson*, 35 Ind. 326. The only facts averred in the cross complaint are that the parties are partners; that the firm owns a large stock of goods; that it is largely indebted; that each has put in a part of the capital, and each has taken out a part; that, without the fault of the appellee, the firm has not done, and is not doing, a profitable business, and that the facts respecting its business require a dissolution. These facts did not entitle the appellee to any relief. There is no averment as to the contract by which the firm was formed, the time it was to exist, or the method

of its dissolution. It is not averred that the appellant has violated his contract; that the firm, or either member of it, is not abundantly able to pay its liabilities, or that the appellant is not willing to dissolve the firm, pay the debts and divide the assets. In short, nothing is really averred, except that the firm is in debt, and is not making money. These facts furnish no ground for relief.

The cross complaint being insufficient, it was error to appoint a receiver. High Receivers, 595.

It is not necessary to determine whether the showing for the appointment of a receiver was sufficient, as the case should be reversed, and as the showing upon another application, if one is made, may be different.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and is in all things reversed, at the costs of the appellee, and the cause is remanded with instructions to sustain the demurrer to the cross complaint and the motion to change the venue.