No. 8647.

## HAYS v. MORGAN.

CHANGE OF VENUE.—*Bias of Judge.*—An affidavit for a change of venue for bias of the judge, which discloses that a decision by the court of a question of law against the party was the real reason which induced the application, is insufficient, inasmuch as the charge of bias is fully negatived by the affidavit itself.

EVIDENCE.—*Admissions.*—*Promissory Note.*—*Non est Factum.*—In a suit on a promissory note, the execution of which was in issue, a letter received by the defendant from the plaintiff, informing him of the loss of the note, fully describing it, and requesting him not to pay it if presented, to which the defendant made no reply, is admissible evidence for the plaintiff.

SAME.—*Harmless Error.*—The improper admission of evidence, which it is clear could not have harmed the opposite party, is not available error.

From the Dearborn Circuit Court.

*O. B. Liddell, H. D. McMullen, D. T. Downey, J. C. Denny* and *J. Schwartz,* for appellant.

*W. S. Holman, J. D. Haynes* and *J. K. Thompson,* for appellee.

FRANKLIN, C.—The appellee, William Morgan, sued the appellant, Ezra G. Hays, upon a note alleged to have been given by the appellant to one Mary Morgan for the sum of $2,500, and by the said Mary Morgan assigned by endorsement to appellee. To the complaint appellant filed an answer of *non est factum,* under oath. There was a trial before a jury, and a verdict for appellee for the amount of the note and interest. Over a motion for a new trial, judgment was rendered upon the verdict. The error assigned in this court is the overruling of the motion for a new trial. The reasons stated in the motion for a new trial, which are insisted upon and have been discussed by counsel, are:

1st. The overruling of appellant's motion for a change of the judge to try the cause.

2d. Irregularity occurring at the trial in admitting the testimony of William E. Gibson.

3d. In admitting in evidence a letter written by appellee at

Chicago, to appellant at Lawrenceburgh, Ind.; and in permitting appellee to read his affidavit in evidence to the jury.

The cause was first tried at the May term of the court, 1879; the jury having failed to agree was discharged, and the cause continued to the next September term, and was again docketed for trial on the 12th day of September, 1879, upon which day appellant filed his motion, supported by his affidavit, for a change of venue from the judge to try the cause, alleging bias and prejudice of the judge, and "that he did not discover the cause for which he asked this change of venue until Saturday, the 10th day of May, 1879, after the opinion of the court was rendered, granting a rule in said cause to show cause why a certain paper should not be placed on the files of this court;" that said 9th day of May, upon which said opinion was rendered, was on Friday; that he was not present in court at the time said opinion was rendered, and did not fully learn of the opinion until the 10th; that the court was not in session on the 10th and 11th days of September; that he filed the application for a change of venue as early as possible after said discovery of the cause of change. The motion was also accompanied with the affidavit of appellant's attorney, stating that he, on the said 10th of September, had informed appellant of the said ruling and opinion of the court.

As to the said ruling and opinion of the court, the bill of exceptions shows that a deposition of Mary Morgan had been regularly taken in the cause by appellant, containing a cross-examination by appellee, which he alleged by affidavit embraced material evidence in his behalf, and which deposition had never been placed upon the files in said cause, and upon his motion, supported by affidavits, the said ruling and opinion of the court that appellant show cause why said deposition should not be placed on file in the cause was made.

Appellee insists that the motion for a change of venue from the judge to try the cause was made too late, and that the recently discovered cause stated for the change was insufficient.

Hays v. Morgan.

The bill of exceptions shows that there was a rule of court then in force upon the subject of changes of venue which reads as follows:

"11th. In both civil and criminal causes application to change the venue from the county, or the trial from the judge, will not be entertained unless the same be made on or before the judicial day immediately preceding the day the cause is docketed for trial, except upon a sufficient showing of facts verified by affidavit." Similar rules have repeatedly been held valid by this court. *Redman* v. *State*, 28 Ind. 205; *Galloway* v. *State*, 29 Ind. 442; *Truitt* v. *Truitt*, 38 Ind. 16; *Knarr* v. *Conaway*, 42 Ind. 260; *Krutz* v. *Griffith*, 68 Ind. 444; *Krutz* v. *Howard*, 70 Ind. 174; *Shoemaker* v. *Smith*, 74 Ind. 71.

According to the foregoing authorities, if appellant had been content with simply stating in his affidavit the bias and prejudice of the judge, and that he did not discover the same until after the last adjournment of the court, and made his application upon the first reassembling of the court afterwards, the motion should have been granted; and the rule provided for making the motion afterwards, by showing sufficient cause for not having made it sooner, and of course it could not have been made before it was discovered. But when he in the affidavit qualifies the general charges of bias and prejudice, by alleging the reasons which induced him to make them, and the reasons were that the judge had made a ruling and rendered a decision against him upon a legal proposition, without alleging that the ruling and decision was wrong or made through prejudice, we think he destroyed the force of the general charges, and failed to show sufficient cause for a change.

If a party is to be permitted, in the face of such a rule, to stand quietly by, without objection, make up the issues and have the cause docketed for trial upon a certain day, and suffer the time for moving for a change of venue from the county, or from the judge, to pass, and then upon the day of trial move for a change of venue from the judge to try the cause,

charging bias and prejudice in the presiding judge on account of his having made some ruling against him upon a legal proposition involved in some preliminary motion, and the court is not to be permitted to exercise any discretion in the matter, such practice would entirely destroy the object and beneficial purpose of all such rules. We do not think that such a charge of bias and prejudice is the kind contemplated by our statute. Parties are not to be permitted at any and every stage of the progress of a cause, when the court decides a question against them, to charge the court with bias and prejudice and file a motion, supported by affidavit, for a change of venue from the judge to try the cause. Motions for a change of venue or of judge should not be entertained unless made at the proper time and for a proper cause. The court below did not err in overruling the motion for a change of venue from the judge to try the cause.

As to the reason stated in the motion for a new trial, based upon the illegal admission of the testimony of William E. Gibson, the record is very voluminous, containing 732 pages, and in its wide range we have been unable to find any objection or exception to the admissibility of that testimony. There is none in connection with this testimony as contained in the general bill of exceptions. We find no special bill of exceptions containing it, nor do we find any reference to any objection or exception to it in the index to the record. We therefore conclude that the question is not properly presented to this court.

As to the third reason insisted upon for a new trial, the illegal admission of appellee's letter and affidavit, in order to understand its application it is necessary to state that the action was originally commenced upon a lost note, alleging in the complaint that the note was lost, and giving a copy thereof. After the first trial, and before the second, the note was found, and the complaint was amended by declaring upon the original note. The letter was written by appellee at Chicago, Ill., dated December 3d, 1878, directed to appellant at Lawrence-

burgh, Ind., and mailed to him, informing him that the note which he had given to Mary E. Morgan for $2,500, dated October 17th, 1878, and payable December 20th, 1878, had been transferred by Mary E. Morgan, and had been lost the day before, and for him to stop payment if presented by any one; that the note was advertised as lost; that he would forward him an affidavit of the facts, and asking appellant to send to him at Fairbury a duplicate of the original note.

The affidavit was made at Fairbury, Livingston county, in the State of Illinois, and was there verified before a notary public, on the 14th day of December, 1878, and then mailed to appellant at Lawrenceburgh, in the State of Indiana. The affidavit gave a description of the note by stating its contents; that appellee was the owner of it; that no part of it had been paid, and that on the 2d day of December, 1878, it had been lost. Appellant did not answer the letter nor pay any attention to the affidavit. He admitted in his testimony receiving the letter, and that he had not answered it, and that the affidavit was shown to him by appellee's attorney a short time before the trial. An exception was properly reserved to the introduction of this evidence.

The letter was competent testimony, the same as if appellee had verbally spoken its contents to appellant, and he had remained silent upon hearing them; not that appellant's silence in not answering the letter, within itself, established his liability to pay the note, but it was a circumstance to be considered by the jury in connection with all the other circumstances surrounding the case. The affidavit in relation to the loss of the note, after it had been found and was declared upon, and had been given in evidence, could answer no purpose whatever as evidence; the appellee had already testified as to all the facts it contained, and his written affidavit could add nothing thereto. It required no answer from appellant, and if he received it by mail there was nothing in relation to it required of him to be done, and there was nothing about it to charge him with silence when he ought to speak. It was

clearly irrelevant and immaterial, but we do not see how it could harm or benefit either party. It stated nothing about the genuineness of the note, and no fact in the least bearing upon that question that had not been fully testified to by appellee. The error of its introduction as evidence was a harmless one, for which the judgment ought not to be reversed.

There was no available error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant, in his petition for a rehearing, insists that in the original opinion in this case a wrong construction has been placed upon his application for a change of venue from the trial judge; that the reasons stated in his affidavit were not intended as reasons for making the affidavit, but as reasons for not having made it sooner and within the rule of court.

The cause was set for trial on a certain Monday. On the Friday before the court had made a ruling on a preliminary legal question against appellant. There was a rule of court that applications for changes of venue should be made "on or before the judicial day immediately preceding the day the cause is docketed for trial, except upon a sufficient showing of facts verified by affidavit." For the purpose of having the question fairly understood, we copy the entire affidavits upon which the application was made, and they read as follows:

"Now, at this time, comes Ezra G. Hays, the defendant in this case, who, being duly sworn, on his oath says, that he believes he can not have a fair and impartial trial of this cause before the Honorable Omar F. Roberts, judge of said court,

Hays v. Morgan.

on account of the bias and prejudice of said judge against this defendant in this cause.

"He further says he did not discover the cause for which he asks this change of venue until Saturday, the 10th day of May, 1879, after the opinion of the court was rendered granting a rule in said cause why certain papers should not be placed on the files of this court, and the 9th day of May was the last day on which said court was in session until the date of this affidavit; and said court not being in session on the 10th day of May, 1879, and not until the filing of this affidavit; and this is the first opportunity of filing this affidavit since the discovery of said cause of change of venue, and he files this affidavit as early as possible after said discovery of cause of change. And when said opinion was delivered late on the 9th day of May, 1879, this affiant was not in court in person, and did not have full information concerning it until said 10th day of May. EZRA G. HAYS."

The following is the affidavit of his attorney in support thereof:

"Now, at this time, comes Oliver B. Liddell, who, being duly sworn, on his oath says, he is one of the defendant's attorneys in this cause, and that at the time the opinion of the court was rendered in this cause, granting an order against defendant to show cause why a certain paper should not be placed on the files of this court in this cause, which opinion was rendered on the 9th day of May, 1879, the defendant was not present in court, nor was he informed of the ruling of said court in this cause concerning said matter until Saturday, the 10th day of May, 1879, when he was so informed by this affiant. And he further says, that after said information was given to said defendant, this, the 12th day of May, was the first opportunity presented for the filing of his motion and affidavit for a change of venue from the judge of this court, the court not being in session on the 10th day of May, and the 11th day of May being Sunday, as affiant verily believes and further says not. OLIVER B. LIDDELL."

In the opinion it was held that the reasons given for the making of the motion so limit and qualify the charges of bias and prejudice as to render the application insufficient. From the affidavits we are led to infer, and we think it very evident, that if the specified ruling had not been made against the defendant, there would have been no motion made for a change of venue from the judge. The specifying of one reason excludes all others, and the mere ruling of the judge upon a legal question against a party, which is presumed to be right, nothing to the contrary appearing, can not be a sufficient cause for charging bias and prejudice, and thereby procure a change of venue from the judge.

We think the opinion heretofore rendered in this case places the right construction upon the application for a change of venue from the trial judge, and as this is the only question presented by appellant in his brief upon his petition for a rehearing, it ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled, at appellant's costs.