Bernhamer v. The State.

No. 14,152.

## BERNHAMER v. THE STATE.

RECOGNIZANCE.—*Action Upon.*—*Complaint.*—*Sufficiency of.*—Under section 1715, R. S. 1881, relating to informal recognizances, a complaint in an action upon recognizances conditioned for the appearance of the defendant to answer any charges of receiving stolen goods that might be preferred against him, is not bad because of failure to allege that an indictment was returned against the principal obligor after the execution of the recognizance.

CHANGE OF VENUE.—*Application for.*—*Rule of Court.*—*Non-Compliance with.* —*Insufficient Excuse.*—Where there is a rule of court requiring that an application for a change of venue shall be made at least five days before the day on which the cause is set for trial, unless sufficient cause is shown for delay, it is not error to overrule an application for a change of venue made after the time prescribed, where the only excuse of the party making the affidavit is that the trial of a cause in another court in which he was engaged as an attorney had prevented his inspection of the trial calendar, although it had been exposed in its usual place twelve days before such trial began.

SAME.—*From Judge.*—*Delay in Making Application.*—*Excuse.*—Where the applicant for a change of judge does not have knowledge of the bias and prejudice of the judge on account of which he seeks a change in time to make the application within the time prescribed by a rule of the court, the want of such knowledge, shown by affidavit, is sufficient excuse for the delay.

From the Marion Superior Court.

*W. F. A. Bernhamer, W. B. Walls, C. S. Denny* and *W. F. Elliott*, for appellants.

*J. L. Mitchell*, Prosecuting Attorney, for the State.

COFFEY, J.—This was a suit in the Marion County Superior Court by the State against the appellant and one Abraham Sagalowsky, upon three several recognizances, executed by the said Sagalowsky and the appellant, each conditioned for the appearance of Sagalowsky in the Marion County Criminal Court to answer three several charges of receiving stolen goods.

Each paragraph of the complaint alleges that an indictment was returned into the criminal court of Marion county by the grand jury of said county on the 16th day of December, 1886, against Abraham Sagalowsky, and that he was arrested thereon and confined in the jail of said county; that on the 21st day of December, 1886, the said Sagalowsky and the appellee entered into the recognizances in suit to secure his release therefrom; that said recognizances were forfeited and judgment of forfeiture duly entered by the Marion Criminal Court.

Each of the recognizances set out with the complaint is conditioned for the appearance of Sagalowsky in the criminal court of Marion county to answer any indictment that might be returned against him for receiving stolen goods.

It is contended by the appellant that each paragraph of the complaint is bad, because it does not allege that an indictment was returned against the principal obligor after the execution of the recognizances.

We are unable to agree with the appellant in this contention. Section 1715, R. S. 1881, provides that "No recognizance, undertaking, or bond taken in any criminal proceeding shall be void for want of form or of substance, or for omission of any recital or condition, or because the same was entered into on Sunday; nor shall the principal or surety be discharged, but the principal and surety shall be bound by such recognizance, undertaking, or bond to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in such recognizance, undertaking or bond. And no action upon such recognizance, undertaking, or bond shall be defeated for any want of form or substance, or for the omission of any recital or condition, or because the same was entered into on Sunday, * * but the recognizors shall be bound thereby, to the full extent specified therein."

If the principal in the recognizances in suit had been indicted, arrested and confined in jail, and was released on

such recognizances, as alleged in the complaint, the conditions contained therein, under the provisions of this statute, were wholly immaterial. The parties executing the same became bound thereby to the full extent contemplated by the law requiring such recognizances as a condition precedent to the release of the principal.

We do not think the complaint defective in the matter urged against it by the appellant.

On the 19th day of March, 1887, the appellant filed an affidavit for a change of venue in this cause from Marion county, and moved the court thereon for such change, but his motion was overruled, and he excepted.

The cause assigned in the affidavit for a change of venue was that the plaintiff had an undue influence over the citizens of Marion county.

At the time of filing such affidavit a rule of the Marion Superior Court was in force which required an application for a change of venue to be made at least five days before the day on which the cause stood on the trial calendar for trial, unless sufficient cause was shown by affidavit for not making the application within the time prescribed.

This application was made less than five days before the cause stood for trial. The trial calendar of this cause was made on the 2d day of March, 1887, and hung up in the court-room in a place where the trial calendar is always kept for the inspection of attorneys having business in said court.

The cause shown by affidavit for not making this application within the time prescribed by the rules of the court was, that the appellant was a practising attorney, and that continuously during the 14th, 15th, 16th and 17th days of March, 1887, he was engaged in the trial of a cause in the Marion Criminal Court, and had no opportunity to inspect or examine the trial calendar of the Marion Superior Court; that he had no personal knowledge of the fact that said cause was set for trial on the 23d day of March until 5 o'clock P. M., on March 18th, 1887.

We do not think the excuse given for failure to make the application for a change of venue within the time prescribed by the rules of court sufficient. The trial calendar had been hung up in the usual place for the inspection of the appellant or his attorney for twelve days before he entered upon the trial of the cause in the criminal court. No excuse is given for the failure during that period to examine it, or to otherwise inform himself of the condition of the trial docket. Furthermore, for anything that appears, the appellant's attorney may have been fully informed of the time at which this cause was set for trial long before the time at which the appellant acquired personal knowledge of such time.

The court did not err in overruling this application of the appellant for a change of venue. *Redman* v. *State*, 28 Ind. 205; *Hays* v. *Morgan*, 87 Ind. 231; *Galloway* v. *State*, 29 Ind. 442; *Truitt* v. *Truitt*, 38 Ind. 16; *Knarr* v. *Conaway*, 42 Ind. 260; *Krutz* v. *Griffith*, 68 Ind. 444; *Krutz* v. *Howard*, 70 Ind. 174; *Shoemaker* v. *Smith*, 74 Ind. 71.

On the 22d day of March, 1887, the appellant made an application for a change of judge, and filed an affidavit in support of said application, to the effect that he could not safely go into the trial of said cause before the judge before whom the same was then pending, on account of the bias and prejudice of said judge against him, but the application was denied.

The reason stated in the affidavit for not making such application within the time fixed by the rule of the court referred to, was that he did not know of such bias and prejudice until the 21st day of March, 1887.

In overruling the application of the appellant for a change of judge we think the superior court at special term erred. *Galloway* v. *State, supra; Hays* v. *Morgan, supra; Shoemaker* v. *Smith, supra; Krutz* v. *Howard, supra; Burkett* v. *Holman*, 104 Ind. 6; *Rout* v. *Ninde*, 118 Ind. 123.

The law does not require impossibilities, and as the appellant had no knowledge of the bias and prejudice on account

of which he sought a change of judge in time to make his application within the time prescribed by the rule of court, it must be held that the want of such knowledge was sufficient cause for not making it sooner.

As the superior court in special term erred in refusing to grant the appellant a change of judge, it follows that said court in general term erred in affirming the judgment.

The judgment of the superior court is reversed for further proceedings not inconsistent with this opinion.

