People of the State of Illinois, Defendant in Error, v. William H. Knight, Plaintiff in Error.
People of the State of Illinois, Defendant in Error, v. George A. Kizer, Plaintiff in Error.
Consolidated for Hearing.

CHANGE OF VENUE—*effect of improper refusal.* Where the petition for a change of venue in a criminal case, and the accompanying affidavits, comply with the statute, and the affidavits purport to be made by reputable persons residents of the county, not of kin to the defendant, the right to a change of venue is absolute and a refusal to grant it is ground for reversal.

Prosecutions for unlawful sale of intoxicating liquor, etc. Error to the Circuit Court of Coles county; the HON. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

EMERY ANDREWS, for plaintiffs in error; JOHN S. HALL, of counsel.

R. G. HAMMOND, for defendant in error; H. A. NEAL, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On March 16, 1909, a special grand jury of Coles county returned into open court an indictment against plaintiff in error Knight, charging him with having unlawfully sold intoxicating liquor in anti-saloon territory, keeping a disorderly house, and maintaining a common nuisance, and a like indictment for similar offenses against plaintiff in error Kizer. Upon the return of said indictments, the court ordered capiases issued for the defendants returnable on March 18, 1909. On March 17, each of the defendants served notice upon the state's attorney that they would severally apply for a change of venue from the Hon. James W. Craig, the presiding judge of said court, on account of the alleged prejudice of said judge against them. On March 18, 1909, the defendants appeared in open court in person and by counsel, and filed their several petitions for a change of venue. Upon said petitions being presented to the Hon. James W. Craig, presiding judge, he of his own motion procured the defendant Knight and Emery Andrews, one of the attorneys representing both defendants, to be sworn, and over their objections proceeded to interrogate each of them, for the obvious purpose of ascertaining whether or not Moran, the notary public before whom the oaths to the petition were made, was of counsel in the cases, and thereafter overruled the several motions and refused to grant to either of the defendants a change of venue. The defendants were thereupon severally arraigned, and upon their refusal to plead, the presiding judge

ordered a plea of not guilty entered as to each of them, and further ordered them to appear for trial on March 22, 1909. On the latter day the defendants severally renewed their said motions for change of venue and asked for leave to file additional affidavits in support thereof. The court denied such leave and again over-ruled said motions. Separate trials were thereupon had under each of said indictments, which resulted in a verdict of guilty in each case. No evidence was offered by the defendant in either case. Judgments of conviction were thereupon entered upon said verdicts.

The defendant Knight was ordered to pay fines under each of the several counts of the indictment, aggregating the sum of $5,700; and to be imprisoned in the county jail under several of the counts, for periods aggregating 1,610 days. The defendant Kizer was sentenced to pay fines under the several counts of the indictment, aggregating the sum of $4,950, and to be imprisoned under various of said counts for periods aggregating 1,460 days. In each case it was further ordered that the defendant be committed to the county jail until the total fines and costs were paid, and that the place in which the defendant was charged with having sold liquor contrary to law should be shut up and abated until he should give bond in the sum of $1,000 conditioned according to law. The defendants have severally prosecuted writs of error to this court, where the two causes have upon motion, for the purpose of presentation and hearing, been consolidated.

No matter what view could be taken of the merits of the case the present judgments must be reversed because of the refusal of the trial judge to allow the motions for a change of venue from him. The petitions were in the identical form approved in Carrow v. The People, 113 Ill. 550. They conform in all particulars to the requirements of law, and were presented in apt time. Each of them was accompanied by affidavits in due form, purporting to be made by two reputable per-

sons residents of the county, and not of kin to the defendants. No question was or is raised as to the reputation, residence or other qualifications of the persons so making such affidavits. Where the petition for a change of venue in a criminal case, and the accompanying affidavits, comply with the statute, and the affidavits purport to be made by reputable persons residents of the county, not of kin to the defendants, the right to a change of venue is absolute. Cantwell v. People, 138 Ill. 602. It was therefore the duty of the trial judge to grant the prayer of the petitions.

Counsel for the defendant in error seek to justify the rulings of the court upon the ground that it does not appear from the bill of exceptions that reasonable notice of the application was given to the state's attorney as required by the statute. The objection urged is apparently based upon a misapprehension. The bills of exceptions, the office and purpose of which is to recite and make a part of the record the events that transpire in the trial of a cause, each recites that "on the 17th day of March, 1909, the defendant served a written notice upon Robert G. Hammond, state's attorney of Coles county, in the words and figures following, to wit," after which is inserted verbatim a notice which in form and substance fully complies with the statute. The contention therefore is without force. It is further insisted that the trial court was warranted in refusing to act upon the affidavits for the reason that the same were verified before Moran, an attorney in the cases. Waiving the question whether the verification in such case should, when the objection is raised, be treated as a nullity, it will suffice to say that it appears from the record that Moran, before whom the affidavits were made, was not an attorney in either case, but merely a student of the law and clerk in the office of one of the attorneys for the defendants.

For the reasons stated the judgments must be reversed and the causes remanded.

*Reversed and remanded.*