[No. 7104.]

## ERBAUGH v. THE PEOPLE.

1. CRIMINAL LAW—*Practice—Petition for Change of Venue—Prejudice of the People—Discretion*—Prejudice of the inhabitants of the county alleged as the ground of an application to change the venue (Rev. Stat., § 6965), presents a question of fact triable by the court, the result resting in discretion. The decision will not be disturbed unless an abuse of discretion appears. (51)

2. ——*Prejudice of the Judge*—Where, in a criminal prosecution, application is made to change the venue on the ground of prejudice in the mind of the presiding judge (Rev. stat., § 6963), such judge may

hear and determine all questions as to the sufficiency of the petition, and the affidavits in support of it; but the question whether in fact such prejudice exists is never tried. If a sufficient showing is made the accused is entitled to the change, as of right, and the court has no further jurisdiction, save to allow the change.

To deny prejudice and overrule the application upon this ground is error. (52)

3. ——*Time of Application—Notice—Waiver*—The petition for a change of venue was not filed until the morning of the day appointed for the trial, several months after the information was filed, and the district attorney was not served with any prior notice thereof. Nevertheless he appeared and contested the application, raising no question as to its sufficiency. The record showing nothing to the contrary it was presumed that all objections as to these matters were waived. (52, 53)

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. CHAS. R. BOSWORTH, Mr. THOS. E. MCINTYRE, Mr. WILLIAM E. FOLY, and Mr. CHARLES O. ERBAUGH, *pro se*, for plaintiff in error.

Hon. JOHN T. BARNETT, Attorney General, Mr. JAMES Y. ROGERS, Assistant Attorney General, Hon. BENJAMIN GRIFFITH, Attorney General, Mr. PHILIP W. MOTHERSILL, Assistant Attorney General, Hon. FRED FARRAR, Attorney General, and Mr. FRANK C. WEST, Assistant Attorney General, for The People.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

November 29, 1909, defendant was placed on trial for forgery, under an information filed June 4, 1909, convicted and sentenced to the penitentiary. He brings the case here on error.

The first count charges him with making, and the second count with uttering the following check:

                    "Denver, Colo., May 3rd, 1909.
          Colorado National Bank.

Pay to the Order of C. O. Erbaugh................$3.60
Three and 60/00 Dollars.

(Signed)     A. J. Brower.

(Endorsed)   C. O. Erbaugh, 1275 Josephine.''

A third count charging him with making and passing a fictitious check was withdrawn from the jury.

The statute provides in substance: Every person who shall forge any check for the payment of money with intent to damage or defraud any person, or who shall utter, as true and genuine, any forged check, knowing the same to be forged, with intent to prejudice, damage or defraud any person, or shall pass, with intent to defraud any person, any fictitious check purporting to be the check of any individual for the payment of money when in fact there is no such individual, knowing the check to be fictitious, shall be deemed guilty of the crime of forgery. Sections 1704, 1711, R. S. 1908.

2. Defendant filed a petition, verified by his affidavit, asking for a change of venue upon the ground that he feared and believed he could not obtain a fair and impartial trial before the presiding judge, on account of prejudice against him entertained by such judge; because, he says in May, 1905, the judge, then acting in the capacity of deputy district attorney, prosecuted him upon the charge of embezzlement, in which, while addressing the jury in that case, he expressed his belief in defendant's guilt, and said that he (defendant) deserved to receive the severest punishment, and that the same belief is still entertained by him as presiding judge, for which reason he fears he cannot have a fair and impartial trial before him. Three separate affidavits were filed in support of the petition in which each affiant states, among other things, that ''he has read the petition for change of venue, in support of which this affidavit is made, and knows the contents thereof, and that he believes the matters and things therein stated to be true, and that the said defendant could not have a fair and impartial trial before said court.''

The petition also asked for a change of venue from

the county on account of the prejudice of the inhabitants thereof, but this will not be further considered because that was a question of fact triable to the court, and resting clearly within its discretion, will not be disturbed unless abused.—*Power v. People,* 17 Colo. 178, 28 Pac. 1121; *Michael v. Mills,* 22 Colo. 439, 45 Pac. 429; *Doll v. Stewart,* 30 Colo. 320, 70 Pac. 326; *Andrews v. People,* 33 Colo. 193, 79 Pac. 1031, 108 Am. St. Rep. 76; *Kerr v. Burns,* 42 Colo. 285, 93 Pac. 1120.

3.   The chapter allowing and regulating changes of venue in criminal cases provides: "Section 1.   In any criminal cause pending in any court of record of competent jurisdiction, the judge of said court shall be deemed incompetent to hear or try said cause·in either of the following cases:   *   *   *   Third.   When the judge is in any wise interested or prejudiced.   *   *   * Such prejudice of the judge must be ·shown by the affidavit of at least two credible persons not related to the defendant."   R. S. 1908, § 6963.

The statute further provides in substance, in case the judge shall be incompetent to sit for any of the causes mentioned, he may change the venue to some other court of.competent jurisdiction in the same county, or in some other county, or he may set the case down for trial, and request the judge of some other court of competent jurisdiction to try it.

The application must be made at the earliest possible moment after the cause for the change becomes known to the defendant.   Under the statute he is entitled to but one change.

4.   Two questions arise in considering a petition and affidavits for a change of venue in a criminal case based upon the ground of the prejudice of the presiding judge: questions of law and questions of fact.   The first go to the sufficiency of the complaint against the judge and affidavits in support thereof in form and substance. *Young v. People,* 54 Colo. 293.   The second is a question of whether the judge is in fact prejudiced against the defendant.   The first, under the prior decisions of this

court, he has jurisdiction to hear and determine; but the second, the question of fact, is not tried. It seems the legislature purposely omitted counter-affidavits or evidence of any kind as to the prejudice of the judge, to relieve him or anyone else from trying the question. If the application is properly made and supported, as the statute requires, the question of the judge's prejudice will not be considered. The petition and affidavits are conditions imposed by statute, upon a compliance with which, if they are legally sufficient, the defendant is entitled to a change. In such a case the judge loses jurisdiction except to grant the change, without any inquiry into the facts. The petition and affidavit must be proper and sufficient and the facts must be shown disclosing the prejudice of the judge. While he may pass upon the question of law involving the sufficiency of these matters, the question of the truth of the allegation is never tried. In this state, when a defendant brings himself properly within the provisions of the statute, the judge loses jurisdiction, except to grant the change, the statute relative to which, is mandatory and imperative.—*Bernhamer v. State*, 123 Ind. 577, 24 N. E. 509; *Duggins v. State*, 66 Ind. 350; *Manly v. State*, 52 Ind. 215; *Mershon v. State*, 44 Ind. 598; *Smith v. State*, 1 Kan. 365; *Ex parte Justus*, 3 Okl. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483; *State v. Witherspoon*, 231 Mo. 706, 133 S. W. 323; *State v. Spivey*, 191 Mo. 87, 90 S. W. 81; *State v. Sanders*, 106 Mo. 188, 17 S. W. 223; *State v. Shipman*, 93 Mo. 147, 6 S. W. 97; *State v. Henning*, 3 S. D. 492, 54 N. W. 536; *State v. Palmer*, 4 S. D. 543, 57 N. W. 490; *State v. Kent*, 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686; *Cantwell v. People*, 138 Ill. 602, 28 N. E. 964; *People v. Knight*, 155 Ill. App. 92.

5. The petition for a change of venue was not filed until the morning of the trial about six months after the information was filed, and the district attorney was not served with notice; the record, however, shows that he appeared and participated in the argument of the petition. It will therefore be presumed, in the absence of the

record showing the contrary, that he waived these matters. *State v. Spivey, supra,* 104. No question was considered, or even raised or suggested in the lower court that the affidavits were not sufficient. They were treated as sufficient in form and substance, no objection was made upon this ground and the record shows the judge decided that the petition, on the ground of his prejudice, was not true in fact and for this reason alone overruled the motion. This was error.

*Reversed and Remanded.*

Decision *en banc.*

Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY dissent.