MUNCE v. STATE OF INDIANA.

[No. 23,254. Filed March 15, 1918.]

1. JUDGES. — Disqualification. — Affidavits. — Sufficiency. — In a criminal prosecution, an affidavit for change of venue from the judge under §2074 Burns 1914, Acts 1905 p. 628, alleging directly and positively bias and prejudice, was not rendered insufficient by an additional allegation of bias upon the belief of the defendant. p. 265.

2. JUDGES.— Disqualification.—Affidavits.— Discretion.—An affidavit for change of venue from the judge that follows the language of the statute (§2074 Burns 1914, Acts 1905 p. 628) is sufficient, and upon the filing of such affidavit the court has no discretion, but must grant the change. p. 265.

3. CRIMINAL LAW.—Appeal.—Change of Judge.—Affidavits.— Presumptions.—Where the record showed that an affidavit for change of venue from the judge was filed twenty-four days before the day of trial, the court on appeal, in the absence of

any further showing, must regard the affidavit as presented in time.  p. 265.

4. CRIMINAL LAW.—*Appeal.—Review.—Rules of Trial Court.*— A reasonable rule of a trial court relative to the time for filing an affidavit for change of venue will be recognized by the court on appeal.  p. 266.

5. CRIMINAL LAW.— *Appeal.— Record.— Contents.— Presenting Questions.*—Where a rule of court is relied on as rendering harmless the action of the court in denying a change of venue from the judge, on the grounds that the affidavit was not filed in time, the record must show the existence of the rule.  p. 266.

6. JUDGES.—*Bias.—Change of Venue.—Time to File Affidavit.*— Where a defendant seeks a change of venue from the judge on the grounds of bias and it appears in his affidavit that he learned of the bias and prejudice on the same day that the affidavit was filed, the showing is sufficient excuse for not filing at an earlier date, even though the affidavit was not filed within the time prescribed by a rule of court.  p. 266.

From the Delaware Circuit Court; *William A. Thompson*, Judge.

Prosecution by the State of Indiana against Hageman Munce.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Charles E. Cox* and *Clarence Benadum*, for appellant.

*Ele Stansbury*, Attorney-General, *Elmer E. Hastings, Dale F. Stansbury*, and *H. G. Murphy*, for the state.

MYERS, J.—Appellant, in the Delaware Circuit Court, was indicted and convicted of the offense defined by §1, Acts 1907 p. 689, §8351 Burns 1914, commonly called the "blind-tiger act".   On March 17, 1917, and twenty-four days prior to the time of the trial, appellant, by affidavit, as authorized by §2074 Burns 1914, Acts 1905 p. 628, applied to have the venue of his case changed from the regular judge.   His application was refused, and this ruling is questioned and relied on for a reversal of the judgment.

That part of the affidavit material to the present inquiry reads as follows:   "And that he believes that he

cannot have a fair and impartial trial of said cause before the Honorable William A. Thompson, sole Judge of the Delaware Circuit Court, of Delaware County, in the State of Indiana, on account of the bias and prejudice of the said William A. Thompson, Judge of said Court as aforesaid against him, the said defendant, and his defense therein; which bias and prejudice against the defendant on the part of the said Honorable William A. Thompson, sole Judge of said Court as aforesaid, affiant herein believes now exists." The state contends that the affidavit is insufficient because the bias and prejudice of the judge is not stated as a positive fact, but as the belief of the defendant. A reference to the affidavit will show that the bias and prejudice of the judge is stated not only as a positive fact, but upon belief as well. This is another case where the pleader did not know when to stop, but fortunately the additional clause as to his belief does not destroy the direct statement of the bias and prejudice of the judge against him and his defense.

The language of the statute relating to a change of venue from the judge in a criminal case is plain, and an affidavit following its language is sufficient. *Mershon* v. *State* (1873), 44 Ind. 598; *Cory* v. *Silcox* (1854), 5 Ind. 370. In our opinion the affidavit in this case was sufficient, and being sufficient the court had no discretion, and should have granted the change. *Manly* v. *State* (1875), 52 Ind. 215; *Duggins* v. *State* (1879), 66 Ind. 350; *Woodsmall* v. *State* (1913), 181 Ind. 613, 618, 105 N. E. 155, 899.

Appellee makes the further point that the affidavit fails to show that it was presented and filed within the time allowed by the rules of the court. It will be seen from an examination of the record that the affidavit in question was filed twenty-four days before the case was called for trial. In the ab-

sence of any further showing on this subject, we must regard the affidavit as presented in time.

It is true that a rule of court concerning the time within which an application for a change of venue may be made, if reasonable in its operation, will be recognized by this court. *Hunnel* v. *State* (1882), 86 Ind. 431. But in this case, as in the one last cited, the record does not disclose the existence of any rule of court on the subject, and this it should do if a rule of court is to be relied on to render the error here pointed out harmless. In any event the affidavit was good as against the rule-of-court contention, for the reason that it is therein made to appear that it was filed on the day the defendant learned of the bias and prejudice of the judge. The excuse thus offered for failure to file at an earlier date was sufficient, even though there was a rule of court to the contrary. *Bernhamer* v. *State* (1890), 123 Ind. 577, 24 N. E. 509.

The denial of appellant's application for a change of judge was error and for this error the judgment is reversed, with instructions to sustain appellant's motion for a new trial, to grant his application for a change of judge, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 118 N. E. 953. Judges: application for change on account of bias as ousting judge of jurisdiction, Ann. Cas. 1916D 1281, 84 Am. Dec. 127.