THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD Co. *v.* AVERY.

CHANGE OF VENUE.—*Rule of Court.*—A rule of the circuit court requiring an application for a change of venue on account of local prejudice to be made at least one day before the day for which the cause is docketed for trial, is reasonable and within the express power of such court to adopt.

SAME.—Where it is clearly made to appear that some act performed within the excluded time has excited such prejudice, or that such feeling already existing was undiscovered by reasonable effort, the case presents such special circumstances as to exclude the application of such rule intended for general convenience.

RAILROAD.—*Injury to Animals.*—*Fences.*—Where an animal was killed by the cars of a railroad company at a point where the road was securely fenced to within ten feet, on one side of the track, and within twenty steps, on the other, of a public crossing, "but the fences did not extend to the cattle-guard at the public crossing; if they did it would stop the cattle from going on the track;"

*Held*, that the company was not relieved from liability by the fact that the road was securely fenced at the point where the animal was killed.

APPEAL from the Clark Circuit Court.

RAY, J.—Suit commenced before a justice of the peace for an animal killed by the cars of appellant at a point on the road which was not securely fenced. Appeal to the circuit court. Affidavit and motion for a change of venue on account of local prejudice, made on the day the cause was docketed for trial. Motion overruled, on the ground that the application was not made in time under the 45th rule of the Clark Circuit Court, which required such applications to be made "at least one day before the day for which the cause is docketed."

We held in *Redman* v. *The State*, 28 Ind. 205, a rule that such applications should not be made after the day the cause is docketed for trial, was a reasonable one, and within the power of the court to enforce. In this case the time is limited to one day less, but the appellant has not availed himself of even this limitation; for his application is made upon the very day the case is set for trial on the docket. In view of the fact that prejudice so general in a county as to prevent a party from securing a fair trial must result either from some special act, real or fancied, exciting the prejudice of the public, or from some long continued course of conduct which has created and developed such feeling in the community, and that a prejudice so general cannot be concealed in ordinary cases, and the known abuse to which the statute is liable, the inconvenience to the court, the suitors, and the attending witnesses, caused by the uncertainty which must otherwise exist in regard to the proceedings of each day, we are inclined to hold a rule which in its general application can deprive the parties of no right, as a reasonable regulation, "expediting the proceedings and decisions of causes,"—"diminishing costs and remedying imperfections that may be found to exist in the practice"—reasonable and within the express power of the court to adopt. 2 G. & H. 8.

There may be cases where the enforcement of such a rule would be in conflict with the statute. When such a case is presented, effect must of course be given to the language of the law. Where it is clearly made to appear that some act performed within the excluded time has excited such prejudice, or that such feeling already existing was undiscovered by reasonable effort, the case will present such special circumstances as to exclude the application of a rule intended for general convenience. The statute authorizes a change of venue. It also requires the circuit court "to adopt rules for conducting the business therein, not repugnant to the laws of this State, and in everything relating to simplifying and expediting the proceedings and decisions of causes, diminishing costs, and remedying imperfections which may be found to exist in practice."

When a circuit judge, acting under this requirement of the statute, has adopted general rules, it would be improper for us at the instance of a suitor in a special case to declare such rules "repugnant to the laws of this State" when such suitor has suffered no injury from their application in his case.

A prejudice existing against a railroad company, preventing a fair trial of the questions whether the road was or was not fenced at a particular point, and whether a horse was of a certain value, and where and by whom he was killed, might ordinarily be discovered before the day set for the trial. If there were special reasons why it could not be known in this case, the affidavit does not declare them.

We are indeed assured that the appellant suffered no injury in the present case from the enforcement of the rule, as the issues were submitted to the court for trial without the intervention of a jury from the prejudiced locality.

We regret that corporations are compelled so often to appeal to us for relief from findings which rest, not upon the evidence, but upon the prejudice of the jury. These real grievances render almost inexcusable the appeal where no actual wrong has resulted. This remark applies with equal force to the point presented upon the evidence.

The proof was, that the animal was killed at a point where the road was securely fenced to within ten feet on one side of the track, and within twenty steps on the other side of the road, of a public crossing, "but the fences did not extend to the cattle-guard at the public crossing; if they did it would stop the cattle from going on the track." The road was thus "securely fenced" from one public crossing to another. We are asked by the appellant to reverse this case, because the road was securely fenced at the point where the animal was killed;—open at the end to permit cattle to enter, securely fenced to prevent their escape when the train was upon them. It seems unreasonable that counsel should expect a court to consider such a road so securely fenced as to relieve the corporation from liability.

Judgment affirmed, with costs.

*G. V. Howk* and *R. M. Weir*, for appellant.

*J. G. Howard* and *J. F. Read*, for appellee.