## WITZ ET AL. *v.* SPENCER.

PRACTICE.—*Refusal to Grant Time to Prepare Application for Change of Venue.*
There was no error in refusing to give a party time to prepare an affidavit
for a change of venue during the empanelling of the jury, on the ground
of undue influence of the adverse party with the people of the county,
the applicant, to whom a continuance had immediately before been
refused, stating to the court that the fact had not come to his knowledge
until that time, though it did not appear that he had, at an earlier time,
used any diligence to ascertain whether such ground for a change existed
or not.

SUPREME COURT.— *Evidence.—Refusal to Give Instruction.*—Where the evi-
dence was not in the record, the Supreme Court could not say that there
was error in refusing to instruct the jury that if the contract sued on was
as claimed by the defendant, there was a fatal variance in the proof.

From the White Circuit Court.

*A. W. Reynolds, E. B. Sellers,* and *Huff, Nichol & Buell,*
for appellants.

*J. H. Matlock,* for appellee.

DOWNEY, J. — Action by the appellee against the appel-
lants, on a contract for the sale and delivery of cattle, and
for the pasturage of cattle. Complaint in two paragraphs.
Answer in several paragraphs. Reply. Trial by a jury.
Verdict for the plaintiff. Motion by the defendants for a
new trial overruled, and judgment.

Several alleged errors are assigned, but two questions only
are urged. The first is, whether or not the court erred in
refusing to allow the defendants time to prepare an affidavit
for a change of venue, while the jury was being empanelled,
on the ground of the undue influence of the plaintiff over the
citizens of the county, the defendants stating to the court, at
the time, that the fact had not come to their knowledge until
that time.

We are clearly of the opinion that there was no error in
this. Suspicion is cast on the good faith of the application
by the fact that the court had immediately before overruled
an application by the same party for a continuance of the
cause.

It does not appear that the defendants had used any diligence to ascertain, at any earlier time, whether such ground for a change of venue existed or not. It was not a sufficient excuse, under the circumstances, for not having made the application sooner, that the fact had not sooner "come to their knowledge."

The other question is, whether or not the court erred in refusing to give the following instruction to the jury, at the request of the defendants: "If the contract between the parties was as it is claimed to have been by the defendants, then there is a fatal variance in the proof, and the plaintiff cannot recover."

The evidence is not in the record, and therefore we cannot say that there was any error in refusing the instruction.

The judgment is affirmed, with five per cent. damages and costs.