Ringgenberg *et al. v.* Hartman *et al.*

No. 11,444.

RINGGENBERG ET AL. *v.* HARTMAN ET AL.

CHANGE OF VENUE.—*Rule of Court.*—*Diligence.*—An application for a change of venue, filed after the time limited by a rule of the trial court, is insufficient if it does not show the exercise of diligence to discover the fact, upon which it is based, within the time limited.

SAME.—*Convenience of Witnesses.*—*Discretion of Court.*—It is within the discretion of the trial court to grant a change of venue on the ground that it is required by the convenience of witnesses, and the Supreme Court will not interfere with its action where an abuse of such discretion is not shown.

PRACTICE.—*Rejection of Supplemental Complaint.*—*New Trial.*—*Supreme Court.* —The rejection of a supplemental complaint is not a cause for a new trial, but such ruling belongs to the class of cases embracing motions to strike out, to make more specific, etc., and must be presented to the Supreme Court accordingly.

SAME.—*Evidence.*—Where the record fails to show what it is proposed to prove by a witness, there is no available error in sustaining an objection to a question propounded to him.

SAME.—*Objection to Evidence.*—*Bill of Exceptions.*—It is not enough to state

in general terms that testimony is incompetent; but the grounds of objection must be specifically stated and embodied in a bill of exceptions.

From the Marshall Circuit Court.

*J. D. McLaren, L. M. Lauer, J. D. Chaplin* and *H. Corbin,* for appellants.

*A. C. Capron, J. W. Parks* and *M. A. O. Packard,* for appellees.

ELLIOTT, J.—The application for the change of venue made by the appellants was filed after the time limited by a rule of the trial court, and the question is whether the application shows an excuse for not applying for the change within the time prescribed. It is stated in general terms, in the affidavit on which the application is founded, that the cause for which the change was asked was not known to the appellants until the evening before the affidavit was filed, but it is not shown that any diligence was used to discover the fact. On the authority of *Witz* v. *Spencer,* 51 Ind. 253, the affidavit must be held insufficient, for the reason that it fails to show the exercise of diligence.

The action was brought by the appellants to recover the possession of personal property, and a supplemental complaint was tendered by them after the issues were closed. There is no specification of error presenting this ruling for review, and consequently no question upon it is 'before us. The ruling was not made upon the trial, nor upon matters connected with it, but the ruling related to the pleadings, and not to matters connected with the trial. The ruling is, therefore, not one to be presented by a motion for a new trial, but belongs to the class of cases embracing motions to strike out, to compel answers to interrogatories by the parties, to make more specific, and the like.

An affidavit for a change of venue, on the ground that it was required by the convenience of the witnesses, was also filed by the appellants, and a motion for a change duly made. In our opinion, the trial court has a discretionary power to grant

·or refuse changes on the ground upon which appellants' application was based, and where a discretionary power exists the appellate court will interfere only in cases, where it appears to have been abused. In this case there was no abuse of ·discretion.

The record does not show what the appellants proposed to prove by Martin Reed, and, under the settled practice, we must hold that no available error was committed in sustaining the objection to the question propounded to him on his direct examination by the appellants.

It is not enough to state in general terms that testimony is incompetent; the party objecting must specifically state the grounds of objection, and cause them to be embodied in a bill of exceptions. This principle disposes of the question made upon the ruling permitting the appellees to give in evidence declarations of one of the parties made at the time the property was taken by the sheriff under the writ of replevin.

We can not disturb the verdict on the evidence.

We have considered all the questions discussed by counsel, and those not discussed we have treated as waived.

Judgment affirmed.

Filed Mar. 12, 1885; petition for a rehearing overruled Nov. 3, 1885.