Filed Feb. 2, 1892.

No. 328.

## Brow *v.* Levy.

Venue.—*Change from County.*—*Insufficiency of Affidavit.*—*Affidavit Filed in Season.*—An application for a change of venue from the county was properly refused when the affidavit, upon which the application was based, alleged that the affiant, one of the defendants in the action, stood well in the county where the trial was to be had, until the arrival of the plaintiff—a non-resident—on the night before the trial, but that after his arrival, the plaintiff by his talk about the affiant and the defence interposed, created such a prejudice against the defendants that they could not have a fair and impartial trial in the county where the action was pending. The affidavit disclosed a sufficient reason for not complying with the rule of the Benton Circuit Court, which required an application for a change of venue to be made ordinarily before the second day of the term, but it did not disclose any sufficient reason for a change of venue from the county. The "odium" referred to in the statute (section 412, R. S. 1881,) could not, in the judgment of the court, be created in the manner set forth in the affidavit.

Same. — *Change of.* — *When Must be Granted.* — *Conclusiveness of Affida-*

*vit.*—Whether sufficient cause exists authorizing a change of venue is a question of fact, and the statute makes the affidavit of the applicant conclusive evidence of its existence. When an application is made supported by sufficient affidavit, it is the imperative duty of the court to grant the change.

SAME.—*Change of.—Application for After Time Fixed by Court.—Affidavit Must Disclose Diligence.*—To entitle a party to a change of venue, after the time fixed by proper rule of court has elapsed, the applicant must show that he exercised reasonable diligence to discover the existence of the cause within the limit, but failed to do so.

From the Benton Circuit Court.

*D. Fraser* and *W. Isham,* for appellant.

*U. Z. Wiley, J. T. Brown* and *E. G. Hall,* for appellee.

CRUMPACKER, J.—This action was brought by Simon Levy against Lawrence Brow, upon a promissory note executed by the latter to Strauss Bros., and endorsed by them to the plaintiff.

Special answers were filed by the defendant upon which issues were joined and the cause was tried by a jury. A verdict was returned in favor of the plaintiff, upon which he had judgment.

The only ground relied upon for a reversal of the judgment arises upon an assignment in the motion for a new trial, predicating error upon the overruling of appellant's motion for a change of venue from the county.

It is shown by the record that on the day the cause came on for trial the appellant applied for a continuance on account of the absence of a witness, and the appellee admitted that the witness would testify to the facts contained in the affidavit, thereupon the motion was overruled.

The appellant then moved for a change of venue from the county, supporting his motion by the following affidavit, barring the caption and jurat :

" Lawrence Brow, being first duly sworn, on his oath says that he is one of the defendants in the above-entitled cause ; that defendants can not have a fair and impartial trial of

said cause because of odium attaching to the affiant and to his cause of defence, on account of local prejudice against defendant; that said Simon Levy, the plaintiff in the above entitled action, arrived in the town of Fowler, Benton county, Indiana, last night, and immediately began to talk to sundry and divers persons, citizens of said town and county, in reference to his case and against the defence of said defendant as set up in his answer to the plaintiff's complaint; that said Levy, by himself and by his counsel, has publicly in the hotels, on the streets and in the court-room, debated his cause, traduced the defendant and his defence, and has, in the presence and hearing of persons likely to be called as jurors, called attention to the fact that the defendant, Solomon Brow, the principal on said note, had fled from justice, and that this defendant had no defence to said note; that before the arrival of the plaintiff, defendant stood well and there was no prejudice against him; that he was here on last Friday and inquired of his counsel, who represented to him that all was fair and that he would have a fair trial in this county; that had said plaintiff not raised a prejudice against him, he could have a fair trial in this county; that by reason of the acts of the plaintiff aforesaid, a prejudice exists against the defendant that did not exist until this day; that on this day he learned for the first time of the existence of such prejudice, and that until this day no cause for a change of venue existed; that for this reason the application was not made before. Wherefore he asks that a change of venue be granted him."

Solomon Brow, who is referred to in the affidavit, was one of the makers of the note, but was not a party to the suit.

At the time of the proceedings in question the Benton Circuit Court had the following among other rules; "Motions for a change of venue from the county or the judge, both in civil and criminal cases, must be presented on or before the second day of the term, except in those cases where process is returnable after said second day, and in cases of

the latter description such motion must be made on or before the day following the return day of the summons or warrant. An exception to this rule is allowable when an affidavit upon which the motion is based shows that it is made as soon as cause of change came to the knowledge of the party applying for it. But in such cases costs accruing subsequent to the time above mentioned will be taxed to the party obtaining the change, but nothing herein shall prevent a change of venue in any case at any term of court if made on or before the second day."

Section 412, R. S. 1881, provides that the court in term, or the judge in vacation, shall change the venue of any civil cause upon application supported by affidavit showing, among other things, that "an odium attaches to the applicant, or to his cause of action or defence, on account of local prejudice."

Whether sufficient cause exists authorizing a change of venue is a question of fact, and the statute makes the affidavit of the applicant conclusive evidence of its existence. So, when an application is made, supported by a sufficient affidavit, it is the imperative duty of the court to grant the change. *Rout* v. *Ninde,* 118 Ind. 123; *Moore* v. *Sargent,* 112 Ind. 484; *Burkett* v. *Holman,* 104 Ind. 6; *Krutz* v. *Griffith,* 68 Ind. 444.

The validity of a rule of court regulating the time of making an application for a change of venue substantially like the one above quoted, has been firmly established in this State. *Shoemaker* v. *Smith,* 74 Ind. 71; *Galloway* v. *State,* 29 Ind. 442; *Redman* v. *State,* 28 Ind. 205.

But to entitle a party to a change of venue after the time fixed by such a rule has elapsed, he must show that he exercised reasonable diligence to discover the existence of the cause within the limit, but failed to so do, otherwise he is in no situation to complain of an adverse ruling. *Ringgenberg* v. *Hartman,* 102 Ind. 537; *Witz* v. *Spencer,* 51 Ind. 253.

In the case before us the showing made by the affidavit sufficiently demonstrates that the appellant did not discover

the existence of the cause assigned for the change within the time fixed by the court's rule, and that no amount of diligence could have so discovered it because it had no existence until the morning on which the application was made. But the more serious question arises, does the affidavit state facts showing the existence of a cause for a change under the statute?

It is not alleged directly that any prejudice existed against or odium attached to the appellant or his cause of defence in Benton county.

Conceding, however, that such facts appear by reasonable inference, they are stated in general terms, and are so modified and neutralized by the particular facts alleged that the affidavit must be held insufficient. It is an elementary rule of construction, applicable to pleadings and writings of all sorts, that general statements are qualified and controlled by particular statements covering the same subject. In the affidavit the general charge of odium and prejudice amounts to the conclusion of the affiant upon the facts disclosed, and nothing more.

Where the facts are stated upon which a conclusion is founded, the court will not be controlled by the conclusion unless it is fully warranted by the facts.

"Odium" means "hatred," "dislike," and in the sense in which the term is employed in the statute, it implies such a general ill feeling towards a party to an action as will render it uncertain, at least, whether the cause can be tried by impartial triers, free from an atmosphere impregnated with malice or corrupting prejudices.

From the manner in which prejudices are engendered the odium existing as a result of appellee's conduct, as disclosed by the affidavit, must have been very fickle indeed, if not wholly chimerical. He was a non-resident of the State, as the record shows, and arrived in the county the night before the trial, and after his arrival he is credited with having so polluted the sentiment of justice in the county that on the fol-

lowing morning a citizen thereof of good fame and standing was held in such odium that he could not have a fair trial. We can not believe that Benton county justice is such a sensitive essence that it can be corrupted so suddenly and thoroughly by the means employed in this instance.

The right of trial before an impartial tribunal is one of incalculable importance, and the statute authorizing changes of venue in civil cases for the protection of this right, by legislative policy, is made remarkably liberal, and where a sufficient application is presented, the court has no right to question the motives of the applicant, but must grant the change, whatever the condition of public sentiment may be in fact. The law is a solemn institution however, and whenever it appears that an effort is being made to pervert one of its weapons of defence it is the duty of the courts to interrupt and prevent it.

Considering the circumstances attending this case, and the anomalous character of the affidavit in question, we have no hesitancy in approving of the ruling of the court.

The judgment is affirmed.

Filed Nov. 12, 1891; petition for a rehearing overruled Jan. 23, 1892.