Ogle *et al. v.* Edwards, Administrator.

No. 16,090.

OGLE ET AL. *v.* EDWARDS, ADM'R.

CHANGE OF VENUE.—*Limitation by a Court Rule.*—*Discovery of Cause After Time Limited.*—*Right to Take.*—*Statute Paramount to Court Rule.*—*Waiver.* —A court has the power to regulate the manner and time of taking changes of venue, but where a party litigant does not discover a cause for a change so as to make the motion within the time fixed by the court, he can not be held to have waived his right to make such motion, for a statutory right is paramount to any court rule.

SAME.—*Presumption of Fair Trial.*—*Allegation of Diligence Not Required.*— *Cases Overruled.*—Every litigant has the right to presume, and rely on the presumption, that the court and the citizens are fair and impartial, and that he can have a fair trial in the court in which his cause is pending; and the cases of *Ringgenberg* v. *Hartman,* 102 Ind. 537, and *Witz* v. *Spencer,* 51 Ind. 253, in so far as they hold that the affidavit for a change of venue made after the time prescribed by the court rule, must show the exercise of diligence to discover the cause within the time allotted by the rule, are hereby overruled.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins, S. E. Urmston* and *J. A. New,* for appellants.

*E. Short,* for appellee.

OLDS, J.—This is an action brought by the appellee, as administrator, for the foreclosure of a mortgage.

The only question presented and discussed arises on the overruling of a motion for a change of venue from the county. After the cause was set for trial, and seven days before the day set for trial, the appellant, Alfred M. Ogle, moved for a change of venue from the county, and filed his affidavit in support of the motion, alleging that he could not have a fair trial in said county of Greene, for the reason that the said plaintiff had an undue influence over the citizens of said county, and further alleging that he did not discover said undue influence until after the cause was set for trial.

At the time of the filing of said affidavit and moving for the change of venue, there was in force a rule of said Greene Circuit Court providing that "all applications for a change of venue from the county shall be made by filing the necessary affidavit, and calling the judge's attention thereto in open court, at least ten days before the day on which such cause is set for hearing."

The record shows that "the court overruled said motion on the grounds that said cause had been set for trial on the 9th day of March, 1891, the same being the twenty-fifth judicial day of said term, and for that reason the motion came too late under the rule of the court."

The law gives a party the right to have a change of venue for various reasons, among which is the cause stated in the affidavit. Section 412, R. S. 1881. The mode and time of making the application may be regulated by a rule of court, but such right of the party can not be abrogated or obstructed in such a way as to prevent the exercise of it by a rule of court, for the statutory right is paramount to any rule. The party would be bound to take notice of the rules of the court in which his cause was pending, and if he had knowledge of the facts upon which his application for a change of venue was based, in time to have complied with the rule, his failure to comply with it would waive his right to the change; but if he did not know the facts in time to have done so, he could not be required to comply with the rule, and he can not be held to have waived his right, when he did not know that the facts existed upon which his right is based.

The decision in the case of *Bernhamer* v. *State*, 123 Ind. 577, is, as we think, decisive of the question here presented. In that case a rule of court prescribed the time for filing affidavits for changes of venue, and the affiant (the party) alleged in his affidavit that he did not know of the cause for a change until after the time for filing

under the rule, and it was held sufficient. In that case it was said: "The law does not require impossibilities, and as the appellant had no knowledge of the bias and prejudice, on account of which he sought a change of judge, in time to make his application within the time prescribed by the rule of court, it must be held that the want of such knowledge was sufficient cause for not making it sooner." To hold that a party is bound by the rule when he had no knowledge of the facts in time to comply with it, would be to hold that a rule of court could take from the party a right given him by the statute, unless he possessed the information of the existence of the facts in time to comply with the rule, and likewise to deprive him of his right if the cause for the change originated after the time for filing his application under the rule. This would be recognizing a rule of court as paramount to a valid statute. Other decisions of this court support the same theory. In the case of *Shoemaker* v. *Smith*, 74 Ind. 71, the affidavit used the same language as the one under consideration, that the affiant "did not discover" the cause for a change until after the time for complying with the rule, and it was held sufficient. See *Krutz* v. *Howard*, 70 Ind. 174; *Lott* v. *State*, 122 Ind. 393.

We are aware that there are decisions of this court holding a contrary doctrine. In *Ringgenberg* v. *Hartman*, 102 Ind. 537, it was held that the affidavit was insufficient, for the reason that it failed to show the exercise of diligence, and that decision is based on the decision of *Witz* v. *Spencer*, 51 Ind. 253, holding the same doctrine; but they are in conflict with the decisions we have cited, and in so far as they are in conflict with this opinion they are overruled. The presumption is that the judge of the court and the citizens of the county are impartial and free from prejudice against the party, and he may rely upon the impartiality of the judge and the citizens of the

county, and he is not bound to go about in advance of the trial making inquiry as to the status of the mind of the judge or the prejudices existing among the people, or as to whether or not the adverse party has prejudiced or influenced them against him; and if he makes his application seasonably after he discovers that such facts do exist, his application is in time, and he can not be deprived of his right under the statute. The reasonable presumption is that the court and the citizens are fair and impartial, and that every party can have a fair trial in the court in which his cause is pending, and a party may and has the right to rely upon such presumption, and the existence of prejudice or undue influence is not a matter about which he is bound to make inquiry, but may exercise his right to a change whenever it is made known to him or comes to his knowledge. The very fact that a party was making such inquiry and questioning the integrity of the court, or a probable or a possible juror, might create a prejudice against him. We are aware that it is sometimes claimed that the right of a change of venue is abused and exercised for the purpose of delay, in cases where no real cause in fact exists; but this is a matter we can not consider. The right is given alike to all parties litigant, and the honest litigant can not be deprived of the right, when it in fact exists, because a dishonest litigant avails himself of the benefit of it by false swearing. If the law works injustice rather than justice, the remedy is with another department of government, and if wicked parties avail themselves of it by false swearing, they are liable to punishment.

The court erred in overruling the motion for a change of venue.

The judgment is reversed, with instructions to grant a new trial.

Filed January 12, 1893.

Ogle *et al. v.* Edwards, Administrator.

## DISSENTING OPINION.

HACKNEY, J.—There is manifest confusion in the decided cases as to the correct rule of practice in applying for changes of venue and changes of judge, where a rule of court limits the time within which such application shall be made. It is desired not only to establish order out of this confusion, but, also, to adopt that rule which may lead to just and consistent results. I differ with the majority of the court as to the right and the importance of requiring that diligence be shown to have been exercised in ascertaining the causes for the change, before the time for applying therefor, as established by the rule of the trial court, and as an excuse for the filing of a tardy application. A rule limiting the time for filing such applications has been repeatedly held valid. It is not only a reasonable power, but is one expressly conferred by statute, that, for the orderly and expeditious transaction of its business, the trial court shall adopt and promulgate rules for the conduct of its business, and relating to simplifying and expediting the proceedings and decisions of causes, and the diminishing of costs. While the statute authorizing changes of venue is an important one, it must be construed in connection with the statute entrusting to the trial courts the power of prescribing the order and manner of exercising this right, as necessary to the proper dispatch of pending business. It was said by this court, in *Redman* v. *State,* as early as 28 Ind. 205, in speaking of the change of venue statute, that it "is subject to great abuse. The application is too often used, not as a means of procuring a fair trial, but to delay and put it off, with the hope of wearing out the prosecution by procrastination." This condition is more prevalent to-day, and the affidavit is too often the means of procuring a continuance where there has not been sufficient diligence to procure a continuance under the proper statute. The ex-

Ogle *et al. v.* Edwards, Administrator.

perience of the trial court, in arranging its trials and allotting time for such trials, so often meets with tardy affidavits for changes of venue and the consequent loss, for all purposes, of the time so allotted, and the public expense and private cost attending it as to exhibit not only the wisdom of such limiting rules, but, also, of the strict enforcement of them by both the trial courts and the court of appeals. The rule of the court, in this cause, does not expressly require a showing of diligence to discover the causes for a change before the expiration of the limit of time; yet, to uphold this class of rules, as has been done in this state many times, it is to be regarded as an unwritten exception that a showing of excusable neglect, in not applying for the change as required by the rule, will avoid a waiver of the right to a change given by the statute.

When it is agreed that the rule in effect limiting the operation of the statute is valid, and when it is agreed, as it has often been decided, that the rule may not be ignored in an application, but that *excuse must be shown* by the applicant to avoid the rule, the conclusion necessarily follows that the absence of an excuse is a waiver of the right, and that an excuse, which does not waive the right, must be such as would be sufficient to save a similar right existing under similar statutes. By section 563 R., S. 1881, "where causes for a new trial are discovered after the term at which the verdict or decision was rendered," a complaint for a new trial will lie. This statute does not require a showing of the use of diligence to discover such causes before the former trial, yet there is a long and unbroken line of decisions that diligence must be alleged. See *Ragsdale* v. *Matthews*, *Admr.*, 93 Ind. 589, and cases there cited; *Hines* v. *Driver*, 100 Ind. 315; *Kitch* v. *Oatis*, 79 Ind. 96; *McCauley* v. *Murdock*, 97 Ind. 229. There may be other statutes illustrating this position, and the importance of adopting here some rule that may be of general application, but it is unnecessary to multiply them. Every lit-

igant is charged with the obligation of employing suitable counsel, with the knowledge of the terms and the rules of the court, with the duty of preparing his cause for trial at the time fixed for its trial, and with the character and qualifications of the tribunal before which his cause must be heard.   He has no right to neglect means of information, reasonably within his reach, leading to a proper exercise of these duties.   If he does neglect them, his excuse should be more than mere ignorance.   It should appear, from the facts, that by ordinary care this necessary knowledge could not have been acquired.

In the case of the *Jeffersonville, etc., R. R. Co.* v. *Avery*, 31 Ind. 277, the position here contended for was enunciated clearly and distinctly.   An application for a change of venue, on the ground of local prejudice, was made after the expiration of the limit prescribed by a rule of court, and was overruled.

Mr. Justice Ray, in the opinion of the court, said:

"In view of the fact that prejudice so general in a county as to prevent a party from securing a fair trial must result either from some special act, real or fancied, exciting the prejudice of the public, or from some long continued course of conduct which has created and developed such a feeling in the community, and that a prejudice so general can not be concealed in ordinary cases, and the known abuse to which the statute is liable, the inconvenience to the court, the suitors, and the attending witnesses, caused by the uncertainty which must otherwise exist in regard to the proceedings of each day, we are inclined to hold a rule which in its general application can deprive the parties of no right, as a reasonable regulation, 'expediting the proceedings and decisions of causes,' 'diminishing costs and remedying imperfections that may be found to exist in the practice,—reasonable and within the express power of the court to adopt.   There may be cases where the enforcement of such a rule would

be in conflict with the statute. When such a case is presented, effect must of course be given to the language of the law. Where it is clearly made to appear that some act performed within the excluded time has excited such prejudice, or that such feeling already existing was undiscovered by reasonable effort, the case will present such special circumstances as to exclude the application of a rule intended for general convenience. * * * When a circuit judge, acting under this requirement of the statute, has adopted general rules, it would be improper for us, at the instance of a suitor in a special case, to declare such rules 'repugnant to the laws of the State,' when such suitor has suffered no injury from their application in his case. A prejudice * * * might ordinarily be discovered before the day set for the trial. If there were special reasons why it could not be known in this case, the affidavit does not declare them."

In *Witz* v. *Spencer,* 51 Ind. 253, an opinion by Mr. Justice Downey, involving the right to a change of venue upon the discovery of a prejudice while empanelling a jury, it is said: "It does not appear that the defendants had used any diligence to ascertain, at any earlier time, whether such ground for a change of venue existed or not. It was not a sufficient excuse, under the circumstances, for not having made the application sooner, that the fact had not sooner come to their knowledge."

In *Ringgenberg* v. *Hartman,* 102 Ind. 537, an opinion by Mr. Justice Elliott, there was an application for a change of venue, after the time limited by a rule of court. The excuse shown for not applying before the limit expired was that the cause was first known to them the evening before; "but it is not shown that any diligence was used to discover the fact. On the authority of *Witz* v. *Spencer, supra,* the affidavit must be held insufficient, for the reason that it fails to show the exercise of diligence."

Against these authorities, defining the practice for many

years, it is urged that the rule is not of practical operation, since, as it is claimed, the people and the courts are presumed to be free from bias and prejudice, and the suitor will but prejudice his cause by making inquiry as to the existence of bias or prejudice. If it is a legal right and duty to make such inquiry, then to presume that its exercise will create prejudice is to presume against the intelligence and the integrity of courts and juries.

It is also contended that if the law, as it exists, tends to the encouragement of perjury, the remedy must be left with the Legislature. Not so, if all of the decisions of this state are correct in holding that the statute prescribes no limit as to time, and that the courts may do this. The statute and the rule must be considered together, and if their reasonable enforcement, within the line of the 31 Ind. case, *supra,* will obstruct a growing tendency to perjury, such enforcement is with the courts. The rule, as long as it does not trespass upon statutory ground, should be so enforced as to secure the best results.

The case of *Shoemaker* v. *Smith, supra,* was decided without any reference whatever to the *Jeffersonville, etc., R. R. Co.* v. *Avery, supra,* and the case of *Witz* v. *Spencer, supra.* The question of diligence was not presented, considered, or decided. The reasoning of the court, in that case, is wholly upon the theory that the court may not, by rule, preclude a change for causes arising after the limit of time fixed by the rule for filing the application. With such reasoning there can be no issue taken; it is entirely correct when applied to a proper case.

The next and only other case supporting the majority opinion is that of *Bernhamer* v. *State, supra.* In that case there was an application for a change of venue. It was overruled, because not filed in time, and this court held that ruling correct, there having been no showing of diligence to discover that the cause was set for trial, and in not filing the application before the limit fixed by the rule

had expired. So far this case seems in line with *Jefferson-ville, etc., R. R. Co.* v. *Avery, supra; Witz* v. *Spencer, supra,* and *Ringgenberg* v. *Hartman, supra;* but after the lower court had overruled the application for a change of venue, the defendant filed an application for a change of judge, alleging, as an excuse from the rule, that he did not know of the bias and prejudice of the judge until the day before. This court held that it was error to overrule that application. In this instance the question of diligence is not presented, discussed, or decided; and the 74 Ind. 71 case is the only authority cited which would seem to support it.

Of the two lines of cases I can not resist the conclusion that those supporting the views here stated are greater in number, are free from *dictum,* and present the safer and better rule for discouragement of litigation and the suppression of false affidavits.

