Gavin, J.
The appellee brought suit against appellant, a nonresident corporation, by complaint and attachment, in the Monroe Circuit Court, recovering judgment by default. Appellant afterward appeared, procured the default to be set aside and obtained leave to defend the action.
A rule to answer was entered, whereupon the venue of the cause was, upon appellant’s affidavit and motion, •changed to Lawrence county, where' the appellee, by leave of court and over appellant’s objection, filed an amended complaint, which the appellant ineffectually sought, by motion, to have stricken out. The correctness of the court’s action in these respects has not been challenged by any assignment of error in this court. No question is therefore presented with reference to them.
*424 Such rulings relative to the pleadings were not proper causes for new trial. They did not directly relate to matters connected with the trial, and therefore belong to-the class of rulings in which error must be asserted by independent assignment of error, such as motions to strike out, to compel answers to interrogatories to be made more specific, and the like. Ringgenberg v. Hartman, 102 Ind. 537; Reed v. Spayde, 56 Ind. 394; Bowman v. Phillips, 47 Ind. 341; Hamilton v. Elkins, 46 Ind. 213; Elliott’s App. Proced., section 846.
The issues were closed by an answer of general denial 'with several affirmative paragraphs and also a counterclaim with proper pleadings thereto. The trial resulted in a verdict for appellee for $901, upon which judgment was entered over appellant’s motion for a new trial and exceptions.
No error can be predicated upon the action of the court in the overruling of the demurrer to the amended complaint, upon the ground that the court had no jurisdiction of the person of the appellant, because it had already entered a full appearance to the action. This having been done, it was too late to question the jurisdiction. Nysewander v. Lowman, 124 Ind. 584.
The decision in this case sustains the ruling of the trial court in permitting the filing of the amended complaint.
The only other assignment of error argued by counsel brings to our consideration the motion for a new trial.
The complaint counts upon a written contract, by the terms of which appellant bought from appellee ninety thousand cubic feet of No. 1 limestone from their quarry in Monroe county, Indiana, to be delivered f. o. b. cars at said quarry at certain fixed prices, all to be furnished by December 1, 1891, to be shipped in the name of appellant and “to be in good merchantable condition.” *425 It also provided that appellant was not to permit more than 8,000 feet of stone to accumulate at the quarry at anyone time.
Appellee sought to recover for stone furnished and not paid for, $751, with the further sum of $300 for damages resulting from appellant’s failure to order stone fast enough to prevent its accumulating in the quarry in an amount in excess of 8,000 feet, whereby appellee was put to expense in moving it about the quarry.
We are of opinion that the court was right in its construction of the contract, in holding that it required appellee to deliver No. 1 merchantable stone on the cars at appellee’s quarry. If the stone was No. 1 and in merchantable condition there and then, the contract was complied with.
This question was properly submitted to the jury with explicit instruction 4;o take into consideration the fact, if proved, that the stone froze or burst upon its arrival at Chicago.
Had appellee been required, by its contract, to deliver the stone in Chicago, then the question might well be whether the stone was merchantable upon its delivery there. Such, however, is not the agreement.
Counsel criticise the position taken by the trial court, saying that it entirely disregarded the presence of latent defects, and authorized a recovery if the stone was apparently sound with no visible defects. The charges given do not seem to us susceptible of this interpretation.
The authorities sustain appellee’s contention that there was no error in the refusal of the court to submit certain interrogatories to the jury, because the record does not disclose that they were presented to the court before the commencement of the argument. Morris v. Morris, 119 Ind. 341; Sherfey, Admr., v. Evansville, etc., R. R. Co., 121 Ind. 427.
*426 Filed Dec. 12, 1894.
Whether or not the stone delivered was scrch as was called |or by the contract, was a disputed question as to which the evidence was conflicting. We can not, therefore, disturb the finding of the jury upon this fact.
We find in the record no cause for reversal.
Judgment affirmed.