## State, ex rel. Grau, v. Adair.

[No. 5,589. Filed February 21, 1905.]

1. MANDAMUS.—*Judge.*—*Bill of Exception.*—*Rules of Trial Court.*—Where a rule of the trial court provided that any party desiring the court to settle and sign a bill of exceptions should present the same to the adverse party for inspection at least five days before presenting same to judge, and, if the adverse party should not admit its correctness or point out, the errors, the attorney presenting same should also file therewith an affidavit stating, in substance, that in his opinion the bill is correct, and a party filed a bill without first presenting same to the adverse party, and without such affidavit, the trial judge can not be compelled by mandate to sign such bill, since such rule is not in violation of the statute, nor unreasonable. p. 623.

Original action by the State of Indiana, on the relation of George Grau, against Joseph W. Adair, as judge of the Whitley Circuit Court, for a writ of mandate compelling such defendant to settle and sign a bill of exceptions in a cause tried by defendant. *Alternative writ refused.*

Benton E. Gates and D. V. Whiteleather, for plaintiff.

ROBINSON, P. J.—The relator is appellant in the case of Grau v. Grau, now pending in this court, and has filed in this court his petition asking a mandate against the judge who tried the case, compelling him to sign a bill of exceptions containing the evidence.

1.   The relator's motion for a new trial in said case of Grau v. Grau was overruled September 30, 1904, and sixty days given in which to file a bill of exceptions.   On November 25, 1904, he tendered the trial judge a bill of exceptions, upon which the judge wrote and signed the following:   "The above bill presented for signature this 25th day of November, 1904."   On the day following the plaintiff below objected to the bill, and claimed it was not a true bill, and further objected for the reason that the relator had not complied with rule ten of the Whitley Circuit Court, which rule reads as follows:   "10.   Bills of exceptions must be submitted to the counsel or attorney of record by the adverse party at least five days before the presentation to the court or judge, and must be presented to the court or judge for settlement and signing at least five days before the expiration of the time allowed for filing, and all objections thereto will be deemed waived unless made before such bills are signed.   Unless the adverse party admit the correctness of the bill, or as correct except the objections specified, the party filing the bill shall append thereto the affidavit of the attorney who prepared it, stating substantially as follows, to wit:   The accompanying bill of exceptions is true and correct and contains no objection or exception which was not made or taken as stated, and no ground of objection or exception is stated in the bill which was not, at the time, presented to the court.   Nothing known or deemed to be material is omitted from and nothing known to be improper is added to the bill."   This rule was adopted and recorded in the order-book in November, 1885.

It is competent for a circuit court to make such rules for the conduct of its business as are not repugnant to the laws of the State.   §1375 Burns 1901, §1323 R. S. 1881.   The statute (§641 Burns 1901, §629 R. S. 1881) does not fix the time within which a bill of exceptions shall be presented to the trial judge.   The judge fixes the time within which the bill shall be presented.   As the rule in question is not

repugnant to the laws of the State, it must stand, unless it can be said to be unreasonable. As the settlement of a bill of exceptions is a judicial duty, it can not be delegated. When signed by the judge, it must be complete, and when duly settled and authenticated it imports absolute verity.

While the settlement of the bill is the act of the judge, yet there is nothing to prevent the judge from requiring the assistance of counsel in the preparation of the bill. The rule does not have the effect of delegating to counsel the duty of settling the bill. The judge must know the bill is correct before he signs it, but the means by which he may acquire this information need not necessarily be the same in all cases. It is not an unreasonable rule to require opposing counsel to agree, as far as may be, upon the correctness of the bill before it is presented to the judge. Nor is it unreasonable to require the affidavit of counsel preparing the bill, under the circumstances set out in the rule. In the end the judge alone determines when the bill is correct. The judge fixes the time within which the bill shall be presented, and, as the rule was then in force, the time allowed was with reference to the rule. Under the statute, the time of the filing of the bill is not of controlling importance, for the time of the presentation of the bill to the judge, which must be shown in the body of the instrument, controls. It is not claimed that the time given for presenting the bill was insufficient, in fact no excuse whatever is given for failure to comply with the rule.

Rules have been held valid requiring an application for change of venue to be filed at least one day before the day set for trial *(Vail* v. *McKernan* (1863), 21 Ind. 421; *Galloway* v. *State* (1868), 29 Ind. 442; *Jeffersonville, etc., R. Co.* v. *Avery* (1869), 31 Ind. 277; *Reitz* v. *State, ex rel.* (1870), 33 Ind. 187; *Truitt* v. *Truitt* (1871), 38 Ind. 16); requiring an application for change of venue to be filed not later than the day the cause is docketed for trial *(Redman* v. *State* (1867), 28 Ind. 205); requiring special instruc-

tions and interrogatories to be presented to the court before argument begins *(Ollan* v. *Shaw* (1866), 27 Ind. 388); providing that an application for a change of venue or of judge can not be made after the second day of the term *(Jones* v. *Rittenhouse* (1882), 87 Ind. 348; *Thompson* v. *Pershing* (1882), 86 Ind. 303); and that " 'motions to require security for costs must be made at the first calling of the docket, unless the affidavit upon which the motion is based shows that the plaintiff's nonresidence was not known to the defendant or his attorney, and that it is made as soon as the fact of his nonresidence comes to his knowledge.' " *Pancoast* v. *Travelers Ins. Co.* (1881), 79 Ind. 172; *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48.

As the rule was neither repugnant to the laws of the State nor unreasonable, having been adopted and published, it had the force and effect of law. It was not only obligatory upon parties to pending causes, but also upon the court, and so long as it remained unrepealed it could not be dispensed with in a particular case. See *Magnuson* v. *Billings* (1899), 152 Ind. 177, and cases there cited. While we can not affirmatively approve this rule in all respects, yet we can not deny the power of the trial court to make such a rule.

Alternative writ refused, at costs of relator.