| 52 | 215 |
| 137 | 318 |

## MANLY *v.* THE STATE.

CRIMINAL LAW.—*Change of Venue.*—Where, in a criminal action, an application is made by the defendant for a change of venue on account of alleged bias and prejudice of the judge, the court has no discretion, if the affidavit be sufficient, but must grant the change.

From the Floyd Criminal Circuit Court.

*J. S. Davis* and *D. C. Anthony*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

DOWNEY, J.—The appellant was convicted on an indictment, charging that he did, at, etc., on, etc., in and upon the body of one Hugh Canigg, unlawfully make an assault, and him, the said Hugh Canigg, he, the said Charles Manly, did then and there unlawfully, feloniously, purposely and maliciously touch, strike, beat and wound, then and there injuring, bruising and wounding him, the said Hugh Canigg, so that the said Hugh Canigg of said wounds, bruises and injuries, so inflicted, died; and so the grand jurors aforesaid, etc., present that the said Charles Manly, at, etc., on, etc., did unlawfully, feloniously, purposely and maliciously kill and murder the said Hugh Canigg, contrary to the form of the statute, etc.

Upon arraignment, the defendant demanded a change of

venue, on account of the alleged· bias and prejudice of the judge.    The change was refused.

The affidavit is sufficient.    The learned judge states, in the bill of exceptions, as reasons why the change of venue was refused, that the practice of making such motions had become so frequent that the court, in the discharge of its duty, was seriously interrupted; that the court did not know the defendant, and if the practice should continue, it would become difficult for the court to preserve its self-respect or to discharge its duty.

We think that, notwithstanding these reasons, the court should have granted the change.    When the objection is on account of the alleged prejudice of the judge, the court has no discretion in case the affidavit is sufficient.    2 G. & H. 406, secs. 76 and 77; *Mershon* v. *The State*, 44 Ind. 598, and cases there cited.

Other errors are alleged, occurring during the trial, but we do not deem it necessary to examine them.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion for the change of venue asked by the defendant.