LANDIS *v.* STATE OF INDIANA.

[No. 24,805. Filed November 18, 1925.]

1. CONSPIRACY.—*Affidavit charging conspiracy to commit 'grand larceny held sufficient.*—An affidavit charging conspiracy to commit grand larceny which alleged the conspiracy in the language of the statute (§2882 Burns 1926, §2647 Burns 1914) and sufficiently described the crime of grand larceny as defined by the statute (§2451 Burns 1926, §2269 Burns 1914) was sufficient to withstand ˙a motion to quash. p. 702.

2. CONSPIRACY.—*In prosecution for conspiracy to commit a felony, the purposed felony must be charged with the same particularity as though the accused was to be tried for the felony alone.*—In pleading a conspiracy to commit a felony, the purposed felony must be charged with the same particularity as though the accused was to be tried for that felony alone, the elements of the intended felony being fully disclosed so that the court may see that a public offense is, in fact, charged. p. 702.

3. CONSPIRACY.—*Rule as to sufficiency of affidavit for conspiracy to commit felony stated.*—An affidavit charging conspiracy to commit a felony which is sufficient to enable the court and jury to understand distinctly the issue to be tried, and to fully inform the defendant of the offense charged, and, upon which judgment may be pronounced on conviction according to the right of the case, is sufficient as against a motion to quash for ˙uncertainty. p. 702.

4. CRIMINAL LAW.—*Change of judge must be 'granted where proper affidavit filed, and judge has no right to determine truth of statements in affidavit.*—When a proper affidavit is filed for a change of judge, the change must be granted, and the judge has no right to determine whether the affidavit states the truth. p. 703.

5. CRIMINAL LAW.—*Supreme Court must accept affirmative statements in the record as the truth notwithstanding con-*

*tradictory statements in motion for new trial.*—Where the record shows that the defendant's motion for a new trial was filed before his motion in arrest of judgment, the court on appeal must accept the affirmative statements therein notwithstanding the defendant specified as one of the grounds for a new trial the "overruling of the motion in arrest of judgment." p. 703.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Elbon Landis was convicted of conspiracy to commit grand larceny, and he appeals. *Reversed.*

*J. T. Walterhouse* and *T. V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—This was a prosecution by the State of Indiana against the appellant and three others, wherein appellant is charged jointly with the others with the offense of conspiracy to commit a felony, said felony being the crime of grand larceny. The appellant was tried separately by jury and found guilty as charged in the affidavit. Judgment was rendered on the verdict fixing his fine in the sum of $25 and that he be imprisoned in the Indiana State Prison for a period of not less than two years nor more than fourteen years. The appellant appeals from such judgment.

The only errors properly assigned and not waived are, that the court erred in overruling the motion of the appellant to quash the affidavit and the court erred in overruling appellant's motion for a new trial.

The charging part of the affidavit is that Elbon Landis * * * at and in the county of Delaware, State of Indiana, on or about December 20, 1923, did then and there unlawfully and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and purpose and with the unlawful and felonious intent to then and there feloniously take, steal and carry away one hundred and fifty chick-

ens of the personal goods and chattels of divers other persons whose names are to the affiant unknown, said chickens then and there being of the value of one hundred and fifty dollars.

Section 2882 Burns 1926, §2647 Burns 1914, defines the offense of conspiracy to commit a felony, as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association, or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars nor more than five thousand dollars, and imprisoned in the state prison not less than two years nor more than fourteen years."

The felony which appellant is alleged to have conspired to commit is grand larceny, which is defined in §2451 Burns 1926, §2269 Burns 1914, as follows: "Whoever feloniously steals, takes and carries, leads or drives away the personal goods of another, of the value of twenty-five dollars or upwards, is guilty of grand larceny and on conviction shall be imprisoned in the state prison not less than one year nor more than fourteen years, fined not exceeding double the value of the goods stolen, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The motion to quash is based upon the following reasons alleged therein: (1) The facts stated in said affidavit do not constitute a public offense; (2) that said affidavit does not state the offense with sufficient certainty.

That part of the affidavit setting forth the conspiracy to commit a felony states the offense charged in the lan-

guage of the statute and that part of the affidavit
1.  describing the purposed offense sufficiently de-
    scribes the crime of grand larceny as defined by
statute.

In pleading a conspiracy to commit a felony, the ele-
ments of the intended felony must be fully disclosed, so
        that the court may see that a public offense is,
2.  in fact, charged. The purposed felony must be
        charged with the same particularity as though
the accused were to be tried for that felony alone. *Green*
v. *State* (1901), 157 Ind. 101; *Allen* v. *State* (1915),
183 Ind. 37; *Williams* v. *State* (1919), 188 Ind. 283.

An indictment for conspiracy to commit a felony
which is sufficient to enable the court and the jury to
        understand distinctly the issue to be tried, and
3.  to fully inform the defendant of the nature of
        the offense charged, and upon which a judgment
may be pronounced on conviction according to the right
of the case, is sufficient as against a motion to quash
for uncertainty. *Williams* v. *State, supra.*

The court did not err in overruling appellant's motion
to quash the affidavit. *Skelton* v. *State* (1898), 149
Ind. 641; *Williams* v. *State, supra.*

The next question presented by the assignment of
errors arises upon the overruling of the motion for a
new trial. In such motion, it is assigned as error that
the court erred in overruling the defendant's motion
and affidavit for change of venue from the judge. The
appellant filed his affidavit "that he is one of the de-
fendants in the above entitled cause of action and that
affiant believes he cannot receive a fair trial of said
cause before the Hon. Clarence W. Dearth, sole judge
of said Delaware Circuit Court, owing to the bias and
prejudice of said judge against this affiant, which bias
and prejudice this affiant says now exists. Affiant fur-
ther says that he did not have any knowledge of said

bias and prejudice of said judge against this affiant and that he did not learn of or discover said bias and prejudice of said judge against this affiant until this the 22nd day of September, 1924, and that he makes this affidavit on this the same day on which he learned of and discovered said bias and prejudice of said judge against this affiant. Wherefore, affiant demands a change of the venue of said cause from the court herein to the end that a fair and impartial trial of said cause may be had."

The record shows the following entry: "The defendant, Elbon Landis, appearing in open court, and within thirty minutes before the filing of this affidavit and motion for a change of judge, informed this court that he was ready for trial of this case, and that said defendant continuously until the filing of this motion, has been in this court room and has had no opportunity to learn or hear of any bias or prejudice of this court and Judge Clarence W. Dearth, against him, the said Elbon Landis, as set out in said motion; the court thereupon overrules said motion for a change of judge and to which ruling of the court in overruling said motion for a change of judge, said defendant, Elbon Landis, at the time excepted."

Where a proper affidavit is filed for a change of venue from the judge the change must be granted. The judge has no right to determine whether or not the matter stated in the affidavit is true, but if it is filed in compliance with the law, the change must be granted. *Shaw* v. *State* (1925), *ante* 39, 146 N. E. 855; *Mershon* v. *State* (1873), 44 Ind. 598; *Manly* v. *State* (1875), 52 Ind. 215.

The appellee claims that the motion of appellant for a new trial was filed after the motion in arrest of judgment had been filed and overruled and, as a reason for such assertion, he states that the

motion for a new trial contained this clause: "The court erred in overruling the motion in arrest of judgment." The appellant claims that this was an inadvertence and that the motion for a new trial was filed before the motion in arrest of judgment and refers to the record in support of such statement. It appears from the record that on October 15, 1924, the same being the thirty-ninth judicial day of the September term, of said court, Elbon Landis, filed his motion for a new trial and the record further shows that on October 16, 1924, said motion was overruled by the court and the defendant, Elbon Landis, then filed the motion in arrest of judgment. In view of the affirmative statement in the record that the motion for a new trial was filed and overruled before the motion in arrest of judgment was filed, we must be guided by the affirmative assertion in the record and cannot indulge in any presumption concerning the time of the filing of the motion for a new trial.

No other specifications in the motion for a new trial are discussed by appellant in his brief under points and authorities.

For error in refusing to sustain appellant's motion for a change of venue from the judge, this judgment must be reversed, with instructions to sustain the motion for a new trial.

Judgment reversed.