## GENETT v. STATE OF INDIANA.

[No. 24,847. Filed December 16, 1925.]

1. CONSPIRACY.—*Affidavit charging conspiracy to commit a felony must specify the purposed felony and it must be charged with the same particularity as in an affidavit charging commission of such felony.*—An affidavit charging conspiracy to commit a felony must specify the felony which was purposed, and such felony must be charged with the same fullness and particularity as in an affidavit charging the commission of such felony itself. p. 107.

2. CONSPIRACY.—*Affidavit charging conspiracy to commit perjury must allege the elements of perjury as completely as if the affidavit was charging the crime of perjury.*—An affidavit

charging a conspiracy to commit the crime of perjury, to be sufficient, must allege the elements of perjury as completely as if the defendant were being charged with the crime of perjury, and the negation of the facts on which the perjury is predicated must be as broad as the facts alleged on which the charge of perjury itself is based. p. 107.

3. CONSPIRACY.—*Affidavit charging conspiracy to commit perjury held sufficient.*—An affidavit charging conspiracy to commit the crime of perjury containing allegations showing the conspiracy and describing the purposed perjury as defined in §2576 Burns 1926, §2375 Burns 1914, *held* sufficient on motion to quash. p. 110.

4. CRIMINAL LAW.—*Motion in arrest of judgment precluded subsequent motion for new trial prior to 1925.*—Prior to the amendment of §2159 Burns 1914 in 1925 (Acts 1925 p. 490, §2326 Burns 1926), a motion in arrest of judgment precluded a subsequent motion for a new trial unless the reasons for a new trial were not known at the time of filing the motion in arrest of judgment. p. 111.

5. CRIMINAL LAW.—*Appellant must present record showing affirmatively that trial court committed prejudicial error.*—An appellant must present a record which affirmatively shows that the trial court committed prejudicial error in order to obtain a reversal. p. 111.

From Perry Circuit Court; *Elbert M. Swan,* Special Judge.

John Genett was convicted of conspiracy to commit perjury, and he appeals. *Affirmed.*

*Oscar Minor, Ed Lincoln* and *W. E. Cox,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was found guilty of criminal conspiracy to commit a felony. The charge was made pursuant to §2882 Burns 1926, §2647 Burns 1914, which provides as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or

persons, body, association, or combination of persons, whose object is the commission of a felony or felonies, within or without this state shall on conviction be fined not less than twenty-five dollars nor more than five thousand dollars, and be imprisoned in the State Prison not less than two years nor more than fourteen years." The purposed felony was perjury as defined by §2576 Burns 1926, §2375 Burns 1914.

A motion was made to quash the affidavit for the reason that the facts stated therein do not constitute a public offense and for the further reason that the affidavit does not state the offense with sufficient certainty.

It is necessary in an affidavit under this section to specify the felony which was purposed and the affidavit under such section to be sufficient must be as

1. specific and full as an affidavit charging the commission of such felony itself. *Landringham* v. *State* (1874), 49 Ind. 186.

The charge against the defendant in this case is conspiracy to commit the crime of perjury, and, to make the affidavit sufficient, the charge of perjury must

2. be as complete as though the defendant himself was charged with the crime of perjury, and the negation of facts on which the perjury is predicated must be as broad as the facts alleged on which the charge of perjury itself is based. *Stefani* v. *State* (1890), 124 Ind. 3.

The appellant claims there is no allegation in the affidavit that the appellant and John Hanaway knew at the time of the formation of the conspiracy as alleged in the affidavit that the testimony of Hanaway was to be false. Nor does the affidavit allege that Hanaway knew at the time he testified that what he was testifying to was false. The appellant's contentions are not sustained by the record.

The affidavit alleges that John Genett and John Han-

away, at said county and state, on or about January
7, 1923, did then and there, as this affiant is informed
and verily believes, unlawfully, knowingly, and felo-
niously unite, combine, conspire, confederate and agree
to and with each other, for the object and purpose and
with the unlawful and felonious intent to have and pro-
cure the said John Hanaway to testify falsely before
the circuit court of the county of Dubois in the State
of Indiana, and before a jury duly and legally empan-
eled in and by said court, in a matter material to a
certain issue which was then and there joined in said
court between the State of Indiana as plaintiff and one
Frank Genett as defendant, in a certain action wherein
the said Frank Genett as such defendant was charged
with the crime of murder in the first degree, which said
action had before that time been commenced and was
then pending in and before the said circuit court of the
said county of Dubois in said State of Indiana, and
which said issue in said cause was, on January 22,
1923, legally and in due form of law tried in said cir-
cuit court of the said county of Dubois; that for the
purpose of carrying out the said unlawful and felonious
agreement so made by and between the said John
Genett and John Hanaway and with each other as afore-
said and for the object and purpose and with the un-
lawful and felonious intent on the part of the said
John Genett and John Hanaway to have and procure the
said John Hanaway to wilfully and corruptly testify
falsely in a matter material to the issue made and joined
in said cause, in the trial thereof in the said circuit
court, of the said county of Dubois, on or about Janu-
ary 22, 1923, at said county of Dubois, in the circuit
court of said county, and in the State of Indiana, the
said John Hanaway appeared as a witness for and in
behalf of the said Frank Genett, the defendant in said
cause, and was then and there duly sworn by Charles

H. Bartley, clerk of said Dubois Circuit Court, as a witness, the said Charles H. Bartley, as such clerk, then and there having full power and complete authority to administer the said oath to said John Hanaway in that behalf; that the said John Hanaway was, after being so sworn as aforesaid, then and there duly examined as a witness in said cause; that upon the trial of said cause, it became and was material to the said issue to inquire as to what persons were present at or near the home of said Frank Genett in the county of Perry in the State of Indiana, on September 15, 1922, and what persons witnessed the firing or use of firearms by the said Frank Genett and one James H. James on said date, the same being the date of the alleged unlawful killing of the said James H. James by the said Frank Genett, and for which the alleged unlawful killing of the said James by the said Genett, the said Genett was charged in said cause of action so pending and tried in the said circuit court of said county of Dubois as aforesaid; that thereupon the said John Hanaway, being so sworn as a witness as aforesaid, and having then and there taken a lawful oath in the said judicial proceedings where an oath or affirmation was by law required, did then and there, on the trial of the said cause in and before said circuit court of the county of Dubois as aforesaid, feloniously, wilfully, corruptly and falsely, in a matter material to said issue, depose, swear and testify in substance, among other things, that the said John Hanaway was an eye witness to and did see a part of the shooting and discharge of firearms which took place and resulted in the death of said James at or near the home of said Frank Genett on September 15, 1922, and that he the said Hanaway witnessed the shooting of said Frank Genett by the said James on said date, whereas, in truth and in fact, as the said John Genett and John Hanaway, then and

there, and at the time of-the said unlawful and felonious agreement made by and between them and with each other as aforesaid, well knew, the said John Hanaway was not an eye witness to any part of the said shooting and discharge of firearms that took place by the said Genett and the said James on September 15, 1922, and did not witness the shooting of the said Genett by the said James or any other person on said date; that all of said false testimony given by the said John Hanaway at the trial of the said cause as aforesaid, was theretofore, to wit: on or about January 7, 1923, at the county and state of Indiana, unlawfully, knowingly and feloniously agreed upon by and between the said John Genett and John Hanaway for the purpose of having and procuring the said John Hanaway to testify falsely at the trial of said cause as aforesaid; and the said John Genett and John Hanaway did, on or about January 7, 1923, at said county of Perry, and State of Indiana, unlawfully, knowingly and feloniously unite, combine, conspire, confederate, and agree to and with each other, for the object and purpose and with the unlawful and felonious intent to have and procure the said John Hanaway to testify falsely at the trial of said cause concerning the matters and things testified to by him as aforesaid.

The appellant claims that the offense attempted to be charged in the affidavit is not stated with such a degree of certainty that the court could pronounce judgment upon a conviction according to the rights of the case, and that the facts stated in the affidavit do not constitute a public offense. The affidavit describes the offense of perjury committed in the trial of a cause as defined in §2576 Burns 1926, §2375 Burns 1914. The affidavit is not open to the objections set forth in the motion to quash and such motion was properly overruled. *Green* v. *State* (1901), 157 Ind. 101;

*Allen* v. *State* (1915), 183 Ind. 37; *Hinshaw* v. *State* (1919), 188 Ind. 147; *Williams* v. *State* (1919), 188 Ind. 283.

The appellant contends that the court erred in overruling his motion for a new trial. The appellee claims that the record discloses the filing and overruling of a motion in arrest of judgment before the filing of the motion for a new trial.

An examination of the record shows that the motion in arrest of judgment was filed May 23, 1924, and overruled on the same date; and that the motion for a new trial was filed June 10, 1924. It is the law established by a long line of decisions in this state that, prior to the passage of the Acts of 1925, ch. 203, p. 490, where the motion in arrest of judgment was presented before the motion for a new trial, the right to move for a new trial was cut off and could not be considered unless the reasons for a new trial were not known at the time of filing the motion in arrest of judgment. It does not appear from the record and it is not claimed by appellant that the reasons for the motion for a new trial were discovered after the motion in arrest of judgment had been presented.

An appellant who alleges error must present a record for the consideration of this court which shows affirmatively that the trial court committed prejudicial error. Ewbank, Crim. Prac. (2d ed.) §209; *Malone* v. *State* (1913), 179 Ind. 184; *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130; *Coleman* v. *State* (1925), 196 Ind. 649, 149 N. E. 162.

Under the facts shown by the record, we cannot consider the questions sought to be presented by the motion for a new trial.

Judgment affirmed.