### State of Indiana *v.* Stokes

[No. 28,643.   Filed October 20, 1950.]

*J. Emmett McManamon*, Attorney General; *Charles F. O'Connor* and *Merl M. Wall*, Deputy Attorneys General; *Vance M. Waggoner*, Prosecuting Attorney, 65th Judicial Circuit, for appellant.

*Kiplinger & Kiplinger*, of Rushville, for appellee.

Starr, J.—The appellee herein was charged by affidavit filed in the Rush Circuit Court with the crime of burglary in the second degree as defined by § 10-701, sub-section (b), Burns' 1942 Replacement, being Acts of 1941, ch. 148, § 4.   The appellee filed a motion to quash this affidavit on the second and fourth grounds provided by § 9-1129, Burns' 1942 Replacement; Acts 1905, ch. 169, § 194.   This motion was sustained and said affidavit was quashed.   From this ruling the appellant brings this appeal.

The appellee was charged in this affidavit with breaking and entering into a building not a dwelling house or place of human habitation "known as Loyal

Order of the Moose, Rushville Lodge No. 1556." It is admitted by the parties that it was not alleged in the affidavit who the owner of the premises was or who occupied the same at the time of the alleged unlawful breaking and entering and that it was solely for this reason that the motion to quash was sustained. The appellant contends that ownership or occupancy of the building where the alleged breaking and entering occurred is not a material element of the crime of burglary and therefore it was not necessary that the same be alleged in charging the crime. Appellant insists it was only necessary to sufficiently identify or describe the building entered.

By the great weight of authority an indictment for burglary must allege directly the ownership of the building entered. Generally there are two reasons advanced for the majority rule: first, that the ownership should be pleaded for the purpose of showing that the building broken into was not the building of the accused or that the accused did not have the right to enter the building; and, second, that the ownership should be alleged for the purpose of so identifying the offense as to protect the accused against a subsequent prosecution for the same offense. This Court, in the case of *McCrillis* v. *State* (1879), 69 Ind. 159, has sanctioned the majority rule as above set out. In that opinion this Court stated:

> "There can be no doubt that it was necessary to state in the indictment the true name of the owner of the property burglariously entered, unless, indeed, there was some reason given why it could not be stated;"

This case was cited with approval in *Kennedy* v. *State* (1882), 81 Ind. 379, to the effect that the indictment may allege the ownership to be in the tenant or

that it may be charged in the landlord. This question has been annotated in a note contained in 20 A. L. R., p. 510, which note is supplemented by a note contained in 169 A. L. R., p. 887. In these notes may be found the decisions of the various states which follow the majority rule as well as those of the states which adhere to the rule that all that is necessary is that the indictment sufficiently identified the building entered. See also *People* v. *Flaherty* (1947), 396 Ill. 304, 71 N. E. 2d 779.

We can see no good reason why at this time we should adopt the above stated minority rule.

Judgment affirmed.

NOTE.—Reported in 94 N. E. 2d 545.