CHARLES L. GRAVES *v.* STATE OF INDIANA.

[No. 1-572A2. Filed October 25, 1972.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Graves) was charged, tried by jury and convicted on both counts of an affidavit charging him with Conspiracy to Commit a Felony, to-wit: Second Degree Burglary (Count I) and Second Degree Burglary (Count II). He received concurrent sentences to the Indiana Reformatory of two to fourteen years and two to five years, respectively.

Graves argues, and thus preserves, three issues on appeal: (1) The verdict of the jury was not supported by sufficient evidence and the defendant was not proven guilty beyond a reasonable doubt; (2) The State of Indiana failed to allege either the ownership or the possession of the allegedly burglarized property in Count I of its affidavit, and (3) He was denied his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States because of the nature of his sentences.

In reviewing Graves' first contention we are guided by a legion of authorities to the effect that:

"In determining whether there is sufficient evidence to uphold the conviction, this court has said many times that it will not weigh the evidence or determine the credibility of the witnesses. Also a verdict on appeal will not be disturbed if there is substantial evidence of probative value sufficient to establish every material element of the crime. Only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom will be considered on appeal." *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739 and *Buise* v. *State* (1972), 258 Ind. 321, 281 N. E. 2d 93.

Graves cannot seriously contend there was insufficient evidence to convict him of Second Degree Burglary. In fact, he states in his brief that William Gibbs and James R. Quarels,

accomplices, testified that Graves participated with them in the burglary. The record amply substantiates this.

An accomplice is a competent witness and a person may be convicted on the uncorroborated testimony of an accomplice. *Martin* v. *State* (1972), 258 Ind. 83, 279 N. E. 2d ■ 189; *Glover* v. *State* (1970), 255 Ind. 304, 263 N. E. 2d 723 and *Couch* v. *State* (1965), 246 Ind. 531, 207 N. E. 2d 365.

There was sufficient evidence to support the second degree burglary conviction charged under Count II. We next consider the evidence as it applies to the conspiracy charged under Count I.

In *Mattingly* v. *State* (1957), 237 Ind. 326, 145 N. E. 2d 650, the court summed up the elements of conspiracy:

> " 'In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet ■ understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and co-operative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy. There must be an agreement and there must be evidence to prove the agreement directly, or such a state of facts that an agreement may be legally inferred. Conspiracies cannot be established by a mere suspicion. Evidence of mere relationship or association between the parties does not show a conspiracy.' " (Citing *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711.)

In *Robertson, supra,* the court also said:

> "The existence of the agreement need not be proved directly but may be inferred from other facts proved. If one concurs in a conspiracy, no proof of an agreement to concur is necessary to establish his guilt."

The evidence most favorable to the state shows that on the night of February 25, 1971, appellant Graves, William R. Gibbs, Joe Byrne and James Quarels were in the B-Z

Tavern talking about "burglary". At approximately 12:30 A.M., all four left the B-Z Tavern, got into one car and rode around for approximately two hours. At this point Graves said, "let's go to Freddie's [tavern]". They then parked the car "a block and a half or two blocks" from the tavern and walked through several yards to the tavern and then circled it two or three times. Graves, Quarels, and Byrne broke open the door, while Gibbs stood watch. They then entered the tavern and broke into several coin operated machines, taking the change therefrom, plus some liquor. After the burglary they proceeded to Joe Byrne's house and divided the coins equally.

The above evidence was sufficient to prove that defendant Graves agreed to and did in fact take part in the burglary of the tavern.

Graves next maintains the trial court erred in overruling his Motion to Quash Count I of the affidavit. He contends in his Memorandum that Count I is so vague and indefinite that it fails to inform him sufficiently to enable him to make a proper defense. This Count alleges that on February 26, 1971, defendant:

". . . did then and there unlawfully, feloniously and burglariously act and conspire with each other and other persons, to-wit: James Reginal Quarles [sic] and William Ray Gibbs for the purpose of committing a felony, Second Degree Burglary, of the building situated at 1100 Moll Avenue, City of Evansville, County of Vanderburgh, State of Indiana."

For reasons stated below, we hold that Count I of the affidavit failed to state the offense charged (Conspiracy) with the requisite certainty necessary to withstand a Motion to Quash.

It is a basic principle that an indictment charging Conspiracy must describe the intended felony with the same certainty and particularity as an indictment charging commission of the felony. *Kelley* v. *State* (1936), 210 Ind. 380, 3 N. E. 2d 65; *Landis* v. *State* (1925), 196

Ind. 699, 149 N. E. 438 and *Genett* v. *State* (1925), 197 Ind. 105, 149 N. E. 894.

Count I of the affidavit in the case at bar failed to allege either the ownership or the possession of the property. This defect was fatal when raised by a Motion to Quash.

In *State* v. *Stokes* (1950), 228 Ind. 574, 94 N. E. 2d 545, the court held:

> "By the great weight of authority an indictment for burglary must allege directly the ownership of the building entered. Generally there are two reasons advanced for the majority rule: first, that the ownership should be pleaded for the purpose of showing that the building broken into was not the building of the accused or that the accused did not have the right to enter the building; and, second, that the ownership should be alleged for the purpose of so identifying the offense as to protect the accused against a subsequent prosecution for the same offense. This Court, in the case of *McCrillis* v. *State* (1879), 69 Ind. 159, has sanctioned the majority rule as above set out. In that opinion this Court stated:
>
> 'There can be no doubt that it was necessary to state in the indictment the true name of the owner of the property burglariously entered, unless, indeed there was some reason given why it could not be stated;'."

Graves' Motion to Quash Count I should have been sustained and it was error not to do so.

Appellant's final contention also involved Count I and in view of our decision it is moot.

We therefore reverse appellant's conviction of the Conspiracy charged in Count I and remand this cause to the trial court with instructions to set aside the judgment thereon and sustain appellant's Motion to Quash as to Count I.

We affirm the judgment of conviction of Second Degree Burglary under Count II.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 288 N. E. 2d 189.