Kim **HEINY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 2–180A21.

Court of Appeals of Indiana,
Fourth District.

June 9, 1980.

Bruce M. Frey, Marion, for appellant-defendant

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

The appellant-defendant, Kim Heiny, was convicted by a jury of conspiracy to commit burglary, a Class C felony. On appeal Heiny challenges several rulings made by the trial court. We reverse.

Heiny has raised the following issue:

Whether the trial court erred in denying his Motion to Quash the information based on its failure to state the offense with sufficient certainty.

■ Heiny also raises several other issues but since we reverse on the failure to grant the Motion to Quash, they need not be discussed.[1]

## FACTS

The facts most favorable to the State are summarized below. Heiny and two co-defendants met at his house and discussed plans to burglarize the North Park Mall shopping center, located in Marion, Indiana, where one of the co-defendants was employed as a night maintenance man. Heiny and one co-defendant went to the mall after it had closed and were admitted by the other co-defendant. They engaged in discussion concerning burglarizing the mall's stores and walked up and down the mall examining the various stores. They decided to put off the burglaries until a future date.

Several stores in the mall were eventually burglarized by two other men after Heiny had "set up the mall job for them."

The information filed in this case charged that the defendant:

"[W]ith intent to commit a felony, to-wit: burglarize the North Park Mall located in Marion, Grant County, Indiana, did agree with Randy J. Lostutter and Don Brandenburg to commit the said felony, namely Burglary, and the said Kim Heiny, Randy J. Lostutter and Don Brandenburg did perform an overt act, to-wit: did enter the North Park Mall located in Marion, Grant County, Indiana after store hours and did case and check out the various Mall stores and shops in furtherance of the agreement to-wit; to burglarize the North Park Mall at some future date and time."

■ Heiny filed a Motion to Quash the information based on its failure to state the offense with sufficient certainty; more specifically, its failure to allege either ownership or possession of the property that was the subject of the burglary conspiracy. This motion should have been granted.

■ An indictment charging conspiracy must describe the intended felony with the

---

1. The following instruction was tendered by the State and included by the trial court in its preliminary and final instructions:

    "In Indiana the offense of conspiracy is purely statutory. The essence of this crime is the unlawful agreement and in Indiana the law states that this agreement of the parties need not be formal and need not be proved by direct evidence."

    The State cited *Collier v. State,* (1977) Ind. App., 362 N.E.2d 871, as its authority for this instruction. The defendant objected on the grounds the instruction *reads out* the overt act element of the crime of conspiracy and therefore the instruction was an incorrect statement of the law. We agree with the defendant but note that this error alone would not have presented sufficient grounds for reversal since the error committed by giving this instruction was minimized by the other instructions given by the trial court correctly reciting the essential elements of the crime, requiring the State to prove each element beyond a reasonable doubt and instructing the jury to construe the instructions together.

    With regard to the appellant's challenge of the probable cause affidavit for the arrest warrant, *see Mendez v. State,* (1977) Ind., 367 N.E.2d 1081.

same certainty and particularity as an indictment charging the commission of the felony. *Graves v. State*, (1972) 153 Ind. App. 532, 288 N.E.2d 189. The certainty and particularity requirements of an indictment charging burglary and the justifications for them are set out in *State v. Stokes*, (1950) 228 Ind. 574, 94 N.E.2d 545, 546.

"By the great weight of authority an indictment for burglary must allege directly the ownership of the building entered. Generally there are two reasons advanced for the majority rule: first, that the ownership should be pleaded for the purpose of showing that the building broken into was not the building of the accused or that the accused did not have the right to enter the building; and, second, that the ownership should be alleged for the purpose of so identifying the offense as to protect the accused against a subsequent prosecution for the same offense."

Citing *Bradley v. State*, (1964) 244 Ind. 630, 195 N.E.2d 347, the State correctly contends burglary is a crime against another's possessory interest and therefore ownership need not be pleaded in an information. But the State fails to grasp the necessity of pleading possession if ownership is not pleaded. The information not only fails to plead the owners of the mall or any of its stores, it also fails to plead the persons in lawful possession of the mall or its stores.

The information on its face does not disclose that the mall or its stores do not belong to or are not in the lawful possession of the defendant, nor does it allege ownership with sufficient specificity to protect the defendant against a subsequent prosecution for the same offense.

We reverse and remand.

MILLER, P. J., and YOUNG, J., concur.