**James H. McCLOUD, Sr.,
Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–383A70.**

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1983.

Charles D. Hankey, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ON PETITION FOR REHEARING

CONOVER, Presiding Judge.

James H. McCloud, Sr., (McCloud), petitions this court for rehearing. McCloud was convicted of conspiracy, IND.CODE 35–41–5–2. This court affirmed the conviction and sentence, cf. *McCloud v. State,* (1983) Ind.App., 452 N.E.2d 1053. The petition calls our attention to the possibility of misinterpretation of some of the language in our previous opinion.

> We stated in 452 N.E.2d at 1056–57: In order to support its case, the State had to establish McCloud agreed to commit theft from Borden and did in fact take Borden's products as an overt act in furtherance of the conspiracy. *Cf. Heiny v. State,* (1980) Ind.App., 405 N.E.2d 548,

550 (conspiracy to commit burglary; identity of building's owner or lawful possessor must be established).

IC 35–41–5–2, the conspiracy statute, reads as follows:

> (a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony. However, a conspiracy to commit murder is a Class A felony.
>
> (b) The state must allege and prove that *either the person or the person with whom he agreed performed an overt act* in furtherance of the agreement. . . . (Emphasis supplied.)

Thus, the State was required to prove the commission of an overt act in order to prove the crime of conspiracy. The information in this case charged the overt act was the actual theft of Borden's products, not any events leading up to such theft. Since McCloud committed the theft as well as participated in the conspiracy, the State was required to and did prove McCloud perpetrated the crime of theft, the overt act required in proof of conspiracy in this case.

The petition for rehearing is denied.

MILLER, and YOUNG, JJ., concur.